Argued February 21, reversed with directions to dismiss and
discharge defendant March 5, 1952

# STATE OF OREGON *v.* MOORE

241 P. 2d 455

*S. J. Bischoff*, of Portland, argued the cause and filed a brief for appellant.

*Leonard I. Lindas*, District Attorney, of Oregon City, argued the cause for respondent. With him on the brief were George Neuner, Attorney General, of Salem, and W. L. Bradshaw, Deputy District Attorney, of Oregon City.

Before BRAND, Chief Justice, and HAY, LATOURETTE, WARNER and TOOZE, Justices.

TOOZE, J.

Defendant was indicted by the grand jury of Clackamas county for the crime of contributing to the delinquency of a minor. Upon his plea of "not guilty", a trial was had to a jury. Defendant was convicted and sentenced to imprisonment in the state penitentiary for a period not to exceed two years. From that judgment he appeals to this court.

Because of the nature of this case, we are omitting use of the name of the minor involved, substituting therefor in all instances the designation "Miss X".

Omitting formal parts, the indictment charges:

"The said James B. Moore, Jr., on or about the 17th day of April, A. D., 1951, in the said County of Clackamas and State of Oregon, then and there being, and one [Miss X], then and there being an unmarried female child under the age of eighteen (18) years, to-wit: of the age of 14 years, the said James B. Moore, Jr., did then and there unlawfully and feloniously do an act, to-wit: did then and there fondle and manipulate the private parts and at-

tempt to have sexual intercourse with the said [Miss X], which said act did manifestly then and there tend to cause the said [Miss X] to become a delinquent child, said act of defendant being, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

Upon the trial, the only evidence offered in connection with the specific acts charged in the indictment was the testimony of the prosecuting witness, Miss X. Her entire testimony with respect to those matters was as follows:

"Q Go ahead. What happened then, if anything?

"A And then he kissed me and hugged me, and then he played with my breasts, and then he started to put his hands on my private parts; but then Howard came into the house and he didn't have a chance, he had to let me go."

Explaining what she meant by the term "private parts", the witness further testified:

"Q When you refer to your private parts, you are referring to what part of your body, [Miss X]?

"MR. LINDAS: May I lead the witness in a question here, your Honor?

"THE COURT: You may.

"Q [Miss X], are you referring to your genitals between your legs?

"A Yes."

Upon the conclusion of the evidence, the defendant's counsel did not move the court for a directed verdict of not guilty upon the ground that there was a total want of evidence to establish the allegations of the indictment. However, after verdict and before judgment, defendant did file a motion to set aside the

verdict and for a new trial, assigning as one of the reasons therefor "insufficiency of the evidence to justify the verdict." The motion was denied.

■ It will be observed that the motion for a new trial was based in part upon "insufficiency of the evidence to justify the verdict." Under § 5-802 (6), OCLA, that is one of the grounds stated for a new trial. However, since that act was adopted, the constitution of Oregon has been amended: art. VII, § 3. Under that amendment, the trial court no longer has the power to grant a new trial for "insufficiency of the evidence to justify the verdict." All that the court may now do, so far as the facts are concerned, is to examine the record to determine whether it "can affirmatively say there is no evidence to support the verdict." *Van Lom v. Schneiderman,* 187 Or 89, 95, 210 P2d 461. For our purposes, therefore, the only question that may be considered is whether there is any substantial evidence to support the verdict; provided, of course, we are permitted to decide that issue in the absence of proper exceptions.

Defendant's bill of exceptions in this case consists of a transcript of the whole testimony and all the proceedings had at the trial, including the instructions of the court, as permitted by the provisions of § 5-703, OCLA. No special exceptions are noted.

The principal contention urged by defendant on this appeal is that there is a total want of evidence to sustain the charges contained in the indictment and, therefore, no evidence to support the verdict.

■ This is a court of review, not a court of original jurisdiction, except as to mandamus, quo warranto, and habeas corpus. § 2, art. VII, Oregon Const. It is a general rule, needing no citation of authority, that it is only error which is legally excepted to that can

be reviewed upon an appeal. However, in keeping with principles of justice, this court has recognized an exception to the general rule where the record, considered in its entirety, shows that the defendant has not had the kind of trial contemplated by law. In such circumstances, this court has held that it may properly take cognizance of palpable errors, even though the questions have not been saved by proper exceptions. *State v. Pace,* 187 Or 498, 510, 212 P2d 755.

It is elementary that the constitutional right of an accused person to a fair and impartial trial according to the law and evidence should not be frittered away or destroyed because of the neglect of counsel in failing to make a motion for a directed verdict of not guilty, where there is a total want of evidence to sustain the charge.

The rule is well stated in *U. S. v. Stoehr,* 100 F Supp 143, 152, as follows:

"Notwithstanding what his counsel did, the defendant has a right to have his guilt or innocence found by a jury according to the procedure and standards appropriate for criminal trials in the federal courts. If any error was therefore committed during the course of the trial which affected his substantial rights the failure of counsel to call it to the attention of the trial court should not preclude its being noticed and corrected."

In 3 Am Jur, Appeal and Error, 33, § 248, it is stated:

"In the exercise of its power to do so, an appellate court will consider questions not raised or reserved in the trial court when it appears necessary to do so in order to meet the ends of justice or to prevent the invasion or denial of essential rights. The court may, as a matter of grace, in a case involving deprivation of life or liberty, take notice

of errors appearing upon the record which deprived the accused of substantial means of enjoying a fair and impartial trial, although no exceptions were preserved, or the question is imperfectly presented."

■ The judgment roll in this case includes the bill of exceptions. § 26-1221, OCLA. The entire record is before us. If that record discloses an entire want of evidence to sustain the verdict, as distinguished from a mere insufficiency of evidence, we may, under the rules stated, properly take cognizance of the error; in truth, and in the interests of justice, it is our duty to do so. Particularly is this true where, as here, the contention of defendant was actually presented to the trial court before judgment was entered.

■ For the purposes of this review, it must be admitted that the testimony of the prosecuting witness expresses the truth. With this in mind, the sole question for determination is whether that evidence establishes, or tends in any way to establish, the charges contained in the indictment. In this connection, we must, of course, concern ourselves with the specific charges made. We are not permitted to substitute for the evidence necessary to prove the particular charges now under consideration, evidence of other acts which the record may disclose.

Section 23-1034, OCLA, upon which the indictment in this case is based, insofar as applicable, provides:

"* * * any person who shall do any act which manifestly tends to cause any child to become a delinquent child, shall be guilty of a crime * * *."

■ In an indictment charging the crime of contributing to the delinquency of a child, and based upon

the foregoing provision of the statute, it is necessary to allege and prove the specific act or acts relied upon as manifestly tending to cause delinquency. One cannot be convicted under such an indictment unless the specific acts, or one or more thereof as alleged, are established by the evidence. Of course, it is further necessary to prove that the act or acts so established manifestly tended to cause the child to become a delinquent child. In other words, it is necessary to establish by the evidence: (1) one or more of the acts of misconduct specifically alleged, and (2) that such act or acts manifestly tended to cause the child to become a delinquent child.

■ The first charge made against defendant is that he "did then and there fondle and manipulate the *private parts*" of Miss X. (Italics ours.) This is a direct charge of a completed act. The only evidence to support the charge is the statement of Miss X that "he kissed me and hugged me, and then he played with my breasts".

It is hornbook law that, whenever and wherever the terms "privates" or "private parts" are used as descriptive of a part of the human body, they refer to the genital organs. Every dictionary so defines them. It was in this sense that the witness used the term "private parts", and it also is the sense in which the district attorney treated it. In his opening statement to the jury, while outlining what the state expected to prove, the district attorney said: "the evidence we will produce will show that the defendant, on these occasions, manipulated the genitals of [Miss X]."

Reprehensible as it might be for an adult male to kiss and hug a fourteen-year-old female, and to play with her breasts, nevertheless, neither as a matter of fact nor of law, does that constitute "fondling and man-

ipulating her private parts." A woman's breasts do not come within the designation "private parts." Obviously they are no part of her "genital organs".

Though admittedly the testimony of the prosecuting witness fell short of establishing the specific charge contained in the indictment, yet the district attorney argues that it establishes an attempt to commit the alleged act. Although we do not believe that proof of an attempt to do the specific thing charged in connection with the matter now under discussion would meet the requirements of the law, notwithstanding, as will later appear, the testimony falls short of establishing even such an attempt within the meaning of the law. We will discuss "attempt" in conjunction with the next specific charge contained in the indictment.

The charge is that defendant did then and there "attempt to have sexual intercourse with the said [Miss X]." In effect, this charge is one of attempted rape, because the carnal knowledge of a female child under the age of sixteen years, with or without her consent constitutes rape. The law conclusively presumes that a child within those age limits is incapable of giving her consent to the act of sexual intercourse.

In 44 Am Jur, Rape, 917, § 26, the rule is stated:

"An attempt to rape is an offense distinct from rape or an assault with intent to rape, and comprehends elements different from those which combine to constitute either of those offenses. A specific intent to rape is an absolutely essential ingredient of an attempt to rape, and must accompany the means used to effect the crime. * * * he must * * * do some act which in connection with this intent constitutes the attempt. In other words, *there must be an overt act tending and fairly designed to effectuate the commission of the crime. * * *"* (Italics ours.)

■ In 14 Am Jur, Criminal Law, 816, § 68, we read:

"In order to constitute an attempt, *it is essential that the defendant,* with the intent of committing the particular crime, *do some overt act adapted to, approximating, and which in the ordinary and likely course of things will result in, the commission thereof.* Therefore, the act must reach far enough toward the accomplishment of the desired result to amount to the commencement of the consummation. It must not be merely preparatory. * * *" (Italics ours.)

Also see § 23-1402, OCLA, as amended by ch. 84, Oregon Laws 1941; *State v. Duffy et al.,* 135 Or 290, 295 P 953; *State v. Taylor,* 47 Or 455, 458, 84 P 82.

■ In *State v. Taylor,* supra, at page 458, the late Chief Justice ROBERT S. BEAN quoted with approval the following from 3 Am. & Eng. Enc. Law 3d ed, 250:

"An attempt to commit a crime is an act done in part execution of a criminal design, amounting to more than mere preparation, but falling short of actual consummation, *and possessing,* except for failure to consummate, *all the elements of the substantive crime.*" (Italics ours.)

Tested by these rules, it is manifest that there is not a scintilla of evidence in this record which establishes or tends to establish an attempt on the part of defendant to fondle and manipulate the private parts of Miss X, or to have sexual intercourse with her.

The only evidence in the record having the slightest bearing upon this issue is the statement of Miss X that defendant "started to put his hands on my private parts; * * * *and he didn't have a chance.*" (Italics ours.) When he *started* to put his hands on her private parts, what did he do? The evidence is wholly silent as to what his actions were. What motion, if any, did he make with his hands that led her to con-

clude he had started to do the thing she says he started to do? And even if he had started to move his hands in the direction of her private parts, that would have fallen far short of constituting an attempt to commit a crime, under the rules of law applicable.

■ Though quite immaterial to a decision upon the matter before us, yet, out of a sense of justice, we feel that we should note in passing that defendant unequivocally denied the charges made by the prosecuting witness. It is not for us to weigh the testimony, nor to determine the guilt or innocence of the defendant. Our sole province is to declare the law. Other assignments of error are made by defendant, but the conclusion we have reached renders a discussion thereof unnecessary.

In view of the record made in the trial court, we think it proper to mention, before concluding, that counsel who now represents the defendant did not participate in the trial of this case. He was employed after verdict.

Because of want of proof of the specific charges contained in the indictment, and based upon the record before us and upon the statements of this opinion, the judgment of the trial court is reversed and this cause remanded with directions to dismiss the action and discharge the defendant.