Argued November 3, affirmed November 22, 1961

## STATE OF OREGON v. BLACK

366 P. 2d 323

*Milton O. Brown,* Portland, argued the cause and filed briefs for appellant.

Charles E. Raymond, District Attorney and Desmond D. Connall, Deputy District Attorney, Portland, filed a brief for respondent.

Before McAllister, Chief Justice, and Warner, Sloan, Lusk and Brand, Justices.

### SLOAN, J.

Defendant was found guilty of the charge that he had sustained "osculatory relations with the private parts of" a nine year old girl. He has appealed from the judgment that followed. The only assignment is directed at the refusal of the trial court to sustain

motions for a judgment of acquittal made at the close of the state's case and again after both parties had rested. Defendant argues that the evidence does not show that he made actual osculatory contact with the child's "private parts" as required by ORS 167.040.

We will not set forth the repulsive details of the evidence. Defendant's theory would require us to limit our examination of the evidence to a few of the words uttered by the complaining witness. All of the evidence must be considered. The record discloses sufficient evidence to require jury determination of the weight of the evidence and the credibility of the witnesses.

Defendant relies on *State v. Moore,* 1952, 194 Or 232, 241 P2d 455. The case is distinguishable on the facts. He also attempts to find support from *People v. Angier,* 1941, 44 Cal App2d 417, 112 P2d 659. The Angier case was tacitly overruled by *People v. Harris,* 1951, 108 Cal App2d 84, 238 P2d 158. The facts stated in the opinion in *People v. Hunter,* 1958, 158 Cal App 2d 500, 322 P2d 942, were similar to the instant case. The defendant Hunter also argued that the facts were insufficient to support a verdict. The court held that the evidence was for the jury to weigh.

The judgment is affirmed.