Argued February 4, affirmed March 5, 1971

STATE OF OREGON, *Respondent, v.*
LARRY AMOS FREEMAN, *Appellant.*

481 P2d 638

Bryan T. Hodges and Linklater and Hodges, Eugene, for appellant.

Lee Johnson, Attorney General, Jacob B. Tanzer, Solicitor General, and Rhidian M. M. Morgan, Staff Attorney, Salem, for respondent.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

Defendant was convicted by jury of the crime of unarmed robbery and was sentenced to seven years' imprisonment. He appeals. His single assignment of error is the court's denial of his motion for a judgment of acquittal. He claims: (1) that the state failed to prove that the crime was committed in Lane County as alleged and failed to prove that defendant committed it in concert with the two other persons named in the indictment, and (2) that the indictment was invalid because it did not state facts sufficient to constitute a crime.

In passing upon the denial of defendant's motion we review the evidence in the light most favorable to the state and will sustain the trial court's action if there is any substantial evidence to support the verdict. *State v. Livingston,* 2 Or App 587, 469 P2d 632 (1970); *State v. Shipman,* 2 Or App 359, 468 P2d 921 (1970).

The victim, Kenneth Eugene Williams, and a police officer were the only witnesses to testify. De-

fendant did not put on a case. The only other evidence introduced consisted of three photographic exhibits depicting the victim's bruised and bloody countenance.

According to testimony, the evening of March 9, 1970, found Williams, an automobile salesman, shooting pool and drinking beer in a Springfield tavern with one Bob Wayne Lee. Defendant was also present and conversed with Williams and Lee while they played pool. Williams had never seen the two men prior to this meeting.

During that night the three men did some tavern-hopping, traveling from place to place in Williams's car. At some point along the way the three were met and joined by one Bruce Dwane Freeman, brother of defendant. About 2 a.m. the four men left their last bar together. Lee drove Williams's car and Williams rode in the front passenger's seat. The two Freeman brothers were seated in the back. Williams admitted that by this time he "was pretty well on * * * [his] way" as the result of several hours of drinking.

Shortly thereafter the four were stopped by a Springfield police officer, who requested that Lee and Williams produce identification. Each of the two displayed a driver's license to the officer. The policeman testified that he recognized the Freemans sitting in the back seat and recalled that defendant was seated on the right side directly behind Williams. The officer further testified that he requested that Williams not drive the car because he believed that Williams was intoxicated. A discussion amongst the four occupants of the car followed, with Lee insisting that he would drive Williams home.

Williams testified that after leaving the police of-

ficer he and his companions proceeded along Weyerhaeuser Road in Lane County until Lee stopped the car. At that point, according to testimony, a voice which Williams recognized as defendant's said, "Kill the son of a bitch and get his money," whereupon Williams received one or two blows to the back of his head and was rendered unconscious. He regained consciousness sometime later on a logging road near Roseburg, Oregon, minus the following: his car, $10 or $20 in cash, a ring and a credit card holder containing two credit cards, a driver's license and some other papers. He was bruised and bloody, apparently the result of a beating about the head and face.

■ As defendant points out, much of the evidence involved is circumstantial. However, that fact does not negate a conviction. Circumstantial evidence alone is sufficient to establish any necessary element of a crime. *State v. Hanna*, 1 Or App 110, 459 P2d 564 (1969). The law requires only that each fact necessary to establish guilt be proved beyond a reasonable doubt to the satisfaction of the jury. The Oregon Supreme Court, in *State v. Zauner*, 250 Or 105, 441 P2d 85 (1968), set out the function of the jury and the duty of an appellate court in considering issues such as this:

> "* * * The jury is also entitled to draw all reasonable inferences that are capable of being made from the circumstantial evidence. The trial court, and this court, have the difficult task of determining whether the inferences that can be drawn are sufficiently reasonable so as to amount to evidence proving each material element of the crime beyond a reasonable doubt." 250 Or at 110.

From the facts previously set forth, the jury could reasonably have inferred that at the time alleged

Williams was struck on the head by one of the occupants of the car, that defendant participated in the immediate execution of his own suggested plan to rob Williams and that Williams's property was taken as alleged. Since at least part of the crime was committed in Lane County, that was a proper venue. ORS 131.340.[①]

Defendant also contends that the state did not prove that he committed unarmed robbery in pursuance of a common intent with Bob Wayne Lee and Bruce Dwane Freeman as alleged in the indictment. We disagree. The jury heard sufficient evidence to enable them reasonably to find that defendant announced his intention to assault and rob Williams, that Williams was then struck from behind and knocked unconscious either by defendant or one of the others charged as being in concert with him, and that defendant, together with his brother and Lee, then took from the victim his car, money, ring and credit cards. *State v. Zauner*, supra. See also, *State v. Carcerano*, 238 Or 208, 219-222, 390 P2d 923 (1964), cert den 380 US 923, 85 S Ct 921, 13 L Ed 2d 807 (1965).

■ Finally, defendant argues that the indictment is invalid because it fails to state facts sufficient to constitute a crime. More specifically, he claims that the allegation that defendant robbed the victim "by assaulting and using force and violence against the said Kenneth Eugene Williams" amounts to a conclusion of law without facts to support it.

"The specific acts or circumstances by which a

---

[①] ORS 131.340:
"When a crime is committed partly in one county and partly in another or when the acts or effects thereof constituting or requisite to the consummation of the crime occur in two or more counties, an action therefor may be commenced and tried in any of such counties."

crime is committed are generally not necessary to a valid indictment, it being sufficient if the offense is charged in the words of the statute. * * *" *Barnett v. Gladden*, 237 Or 76, 80, 390 P2d 614, cert den 379 US 947, 85 S Ct 445, 13 L Ed 2d 545 (1964). See also, *State v. Tracy*, 246 Or 349, 425 P2d 171 (1967); *Merrill v. Gladden*, 216 Or 460, 337 P2d 774 (1959).

The indictment in this case follows the language of the statute, ORS 163.290,[②] which makes it a crime to take money or other property from the person of another "by force and violence, or by assault." The indictment did, in fact, state a crime.

■■ Had defendant attacked the indictment by demurrer on the ground that it was indefinite and uncertain (see ORS 135.630 (2) and 132.530), and had the court overruled his demurrer, defendant would have been in a position to urge this as error. See *State v. Smith*, 182 Or 497, 188 P2d 998 (1948). However, he entered no such demurrer and, consequently, he has waived any potential objection. *State v. Hunt*, 3 Or App 634, 475 P2d 596, Sup Ct *review denied* (1970); ORS 135.640. Not every imperfection in an indictment will give rise to an objection that it fails to state facts sufficient to constitute a crime. *State v. Hunt*, supra.

The trial court did not err in submitting this case to the jury.

Affirmed.

---

[②] ORS 163.290:

"Any person, not being armed with a dangerous weapon, who by force and violence, or by assault, or by putting in fear of force and violence or assault, robs, steals, or takes from the person of another any money or other property which may be the subject of larceny, shall be punished upon conviction by imprisonment in the penitentiary for not more than 15 years."