Argued March 15, reversed April 1, petition for rehearing denied
May 6, petition for review denied June 22, 1971

# STATE OF OREGON, *Respondent, v.*
# DARRELL DEAN CHRISTENSON, *Appellant.*

483 P2d 84
484 P2d 853

David H. Blunt, Salem, argued the cause and filed the briefs for appellant.

Gary D. Gortmaker, District Attorney, Salem, filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendant appeals from a conviction by jury of attempted burglary not in a dwelling and from the resulting three-year prison sentence. Defendant assigns as error: (1) the trial court's denial of his motion for a directed verdict of acquittal after the state rested its case, and (2) the admission of evidence of a crime other than the principal one.

In passing upon the denial of a motion for a directed verdict of acquittal, we review the evidence in the light most favorable to the state and will sustain the trial court's action if there is any substantial evidence to support the verdict. State v. Livingston, 2 Or App 587, 469 P2d 632 (1970). Approximately five

minutes before 1 a.m. on December 10, 1969, Fred J. Feller closed the Free-Loader Tavern, located in Salem, for the night. Six or eight customers left at that time and Mr. Feller began cleaning up. At about 1 a.m., five minutes after he had locked the tavern doors, he heard a noise at the rear door which

> "* * * sounded to me as though somebody had taken hold of the handle of the door * * * and tried it and maybe shook it two or three times."

Feller finished washing glasses and doing other minor chores and left the tavern at approximately 1:10 a.m. As Feller proceeded to his car he saw a man standing near the rear entrance to the tavern. When asked what he wanted the man walked around a corner of the building and, apparently, out of sight. Feller got into his car, started it and then pulled up in front of the building.

While Feller was sitting in his car waiting for the windshield to defrost, one James Lister, owner of a merchant security patrol, arrived. Feller reported to Lister that he had seen a man loitering behind his tavern and the two men proceeded to investigate that area. They spotted two men standing near some berry bushes about 50 or 60 feet from the building. Lister turned his flashlight on them and, according to his testimony, the two men started to flee. Lister demanded that they halt and, upon the threat of being shot, they complied. At Lister's order they came back toward him and lay down on the ground. One of the men was defendant and the other, according to Feller, was the man he saw near the rear door of the tavern a few moments earlier.

Both men were wearing white gloves when discovered. Lister testified that as defendant went into

a prone position he reached into his jacket pocket and removed two objects, one of which Lister observed to be a chisel. A later search of the area turned up a screwdriver,[1] a sledgehammer and two crowbars.

After Lister had apprehended the two subjects Feller went to a telephone and called the Marion County sheriff's department. Shortly thereafter Deputy Sheriff Holcomb arrived and the two suspects were transported to the county jail.

■ An attempted burglary must amount to more than mere preparation, it must contain all of the elements of the substantive crime except the consummation of it.

> " 'An attempt to commit a crime is an act done in part execution of a criminal design, amounting to more than mere preparation, but falling short of actual consummation, *and possessing*, except for failure to consummate, *all the elements of the substantive crime.*' (Italics ours.)" *State v. Moore*, 194 Or 232, 242, 241 P2d 455 (1952).

■ The elements of burglary, the substantive crime here involved, are:

> "* * * (1) that defendant broke and entered a building; (2) that there was property kept in the building; (3) that at the time of the breaking and entering, defendant had an intent to steal therein or commit some felony therein. * * *" *State v. Higgins*, 1 Or App 84, 86-87, 459 P2d 452 (1969).

■ ■ The indictment charging defendant with the attempted burglary of the Free-Loader Tavern alleges

---

[1] The state introduced evidence which indicated that this screwdriver had been used in another burglary. The admission of that evidence is the subject of defendant's second assignment of error which, in light of our holding, we will not discuss.

that he did the following acts toward the commission of the crime:

"* * * did wilfully, unlawfully and feloniously force and jerk an outer door of said building and endeavor to enter but was interrupted and prevented * * *."

The evidence in support of this allegation is circumstantial at best. However, as we have stated before, evidence of that nature is sufficient to establish any necessary element of a crime. *State v. Freeman,* 4 Or App 627, 481 P2d 638 (1971). The jury is entrusted with the responsibility of deciding whether every element has been proved beyond a reasonable doubt, and it is entitled to draw all reasonable inferences capable of being drawn from the circumstantial evidence in reaching that decision. *State v. Zauner,* 250 Or 105, 441 P2d 85 (1968); *State v. Freeman,* supra. Nevertheless, it is the duty of this court, when proper challenge has been made, to review the evidence and determine

"'* * * whether the inferences that can be drawn are sufficiently reasonable * * *.'" *State v. Freeman,* supra, 4 Or App at 630.

The key question then is whether a reasonable inference of attempted unlawful entry can be drawn from the evidence supporting the charge in the indictment. The evidence discloses that six or eight customers left the tavern five minutes before Mr. Feller heard somebody try the door and shake it. The parking lot utilized by tavern customers was adjacent to the side of the tavern. Mr. Feller did not know whether the door rattling was done by one of the patrons attempting to get back into the tavern. Mr. Feller made no investigation of the noise but continued his cleanup duties, and 10 minutes later left by the front door

and went to the parking area at which time he saw defendant's companion at the rear of the tavern.

That defendant was the one who rattled the door is a possible inference, but not a very strong one when we consider that six or eight customers had been discharged into the parking lot adjacent to the tavern five minutes earlier. With no other noise or activity suggesting a continuation of the alleged attempt to break and enter for 10 minutes afterward, it becomes difficult to infer that the original door rattling was the commencement of a breaking and entering.

■ We hold there was insufficient evidence of an attempted breaking and entering and defendant's motion for a directed verdict of acquittal should have been allowed.

Reversed.

## ON PETITION FOR REHEARING

Gary D. Gortmaker, District Attorney, Salem, for petition.

No appearance contra.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J., on petition for rehearing.

Petitioner contends that the evidence of attempted burglary was:

> "The defendant's companion tried and shook the rear door * * * after customers who were in the tavern had departed [citing pages in the transcript] * * * ."

There was, in fact, no evidence as to who rattled the

rear door, which occurred, so the state's witness swore, only five minutes after the proprietor had let six or eight customers out. The proprietor made no investigation of the noise. Ten more minutes elapsed before he left the establishment, and it was at that time that defendant's companion was seen at the rear of the tavern.

Where, as here, there is every likelihood that the defendant and his companion intended to burglarize the tavern, the temptation is strong to contrive a way to support the conviction. It is our obligation, however, to apply the same standards to all. An attempted burglary must contain all of the elements of the substantive crime except the consummation of it. It was necessary for the state to prove that defendant attempted to break and enter the building. We held that the door-rattling by a person or persons unknown, five minutes after six or eight bar patrons had been discharged onto the parking lot adjacent to the tavern, with no other noise or activity by way of furtherance of the alleged attempt to burglarize occurring for ten minutes afterward, would not reasonably support an inference that the original door-rattling was the commencement of an attempted breaking and entering by defendant.

Petitioner also states:

"The owner/bartender testified *using a diagram.* * * *" (Emphasis supplied.)

It is true that a diagram was used at the trial. It apparently was put on a blackboard because the transcript at one point shows the witness "(Going to board)." In any event, the diagram was not made an exhibit in the case, was not a part of the record and

the testimony concerning it was all but useless on review. For example:

"Q [Prosecutor] * * * I have drawn a diagram here * * *.
"* * * * *

"Q By the way, since I talked to you this morning I have changed the directions.

"A * * * [T]his is the main entrance here, but there is also a door back here with a storage room and an open area into the storage room. A window here, a window here, and here, but here is the serving tap * * *.
"* * * * *

"A This is just an open area with kind of a passageway through here. That is open all the time, storing empty beer cases and what have you."

It was the prosecutor's responsibility to see that the diagram was introduced in evidence and preserved for review in the appellate court. He cannot now charge this court with his error.

Rehearing denied.