Argued September 27, affirmed November 11, petition for
rehearing denied December 7, 1971, petition for review
denied January 11, petition for writ of certiorari
denied by United States Supreme Court
June 7, 1972

## STATE OF OREGON, *Respondent, v.* ROBERT ANTHONY O'DONNELL (No. 13-684), *Appellant.*

490 P2d 528

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

Defendant was found guilty by a 10 to 2 jury

verdict of burglary in a dwelling, ORS 164.230, and he appeals alleging two assignments of error.

In his first assignment, defendant contends that the state failed to prove beyond a reasonable doubt that he was guilty of the offense charged.

Defendant's conviction was based on circumstantial evidence. As was said in *State v. Walker,* 244 Or 404, 417 P2d 1004 (1966):

> "Circumstantial evidence alone is sufficient to establish any necessary element of a crime, *State of Oregon v. Watts,* 208 Or 407, 410, 301 P2d 1035 [(1956)], and, therefore, entry, like any other element of the corpus delicti of the crime of burglary, need not be proven by direct evidence, but may be established by circumstantial evidence." 244 Or at 410-11.

*See also, State v. Freeman,* 4 Or App 627, 481 P2d 638 (1971).

The defendant in his brief contends that "[t]he state's entire case rests on the meaning of one of its witnesses' statements * * *." An examination of the record shows that there was additional testimony from three persons connecting the defendant with the burglary. The testimony of Richard Girt was that he "observed someone come out from the old house, my boy's house, with something in his hand and he put this into the trunk of the car and it had a metallic clink to it." The testimony of Edna Girt was that she observed someone walking around the front and rear of the house in question and moving his car in the driveway. She further testified that she "* * * saw this gentleman come out and he had something in his arms and that looked about like this long * * * and put it into the back end of the car." Finally, Patricia

Girt actually spoke with the defendant while he was on the house premises and identified him at the trial. There was ample evidence for the jury reasonably to draw the necessary inference of defendant's unlawful entry and guilt. *State v. Christenson,* 5 Or App 335, 483 P2d 84, 484 P2d 853, Sup Ct *review denied* (1971).

The second assignment alleges that the 10 to 2 jury verdict is unconstitutional. *State v. Gann,* 254 Or 549, 463 P2d 570 (1969), forecloses defendant in this contention.

Affirmed.