Argued November 29, 1971, affirmed January 14, petition for
rehearing denied February 8, petition for review
denied April 11, 1972

## STATE OF OREGON, *Respondent, v.*
## JOHN INMAN (No. 71-34 C),
### *Appellant.*

492 P2d 804

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

Defendant was convicted by jury trial of knowingly uttering and publishing a forged bank check in violation of ORS 165.115. He appeals, asserting three assignments of error.

■■ ■ Both defendant and his wife were indicted for passing a forged bank check at a grocery store. The defendant husband was tried first. Before the trial began, the defense attorney told the prosecutor that the husband would claim his marital privilege (ORS 139.320) to prevent his wife from testifying if

the prosecution called her as a witness. Knowing that her testimony would be thus objected to, the prosecution called the wife as a witness and made the husband claim his privilege before the jury. Defendant urges us to declare this conduct prejudicial error.

*State v. Dennis,* 177 Or 73, 159 P2d 838, 161 P2d 670 (1945), involved a similar situation where the prosecution knew in advance that the defendant would claim marital privilege. In that case the court said:

> "* * * The privilege of the defendant is to exclude relevant and otherwise competent evidence as to the truth or falsity of the charge. This privilege the statute gives him, but it is a shield against the truth, not a sword for the crippling of the prosecution. If, as claimed, an adverse inference unavoidably arises in the minds of the jury from the failure to produce available and relevant testimony notwithstanding an instruction by the court that they should draw no inference, then it appears more in consonance with the modern and enlightened principles of justice that the one who excludes the truth should bear the burden rather than the one who desires, but can not produce it. * * * The State was at least entitled to make clear to the jury that no adverse inference should be drawn against it by reason of the non-production of defendant's wife." *State v. Dennis,* supra, at 118, 119.

*See generally,* Annotation, 76 ALR2d 920 (1961).

In 1964, in *State v. Hixson,* 237 Or 402, 404, 391 P2d 388, the same court refused to overrule its earlier decision in *State v. Dennis,* supra.

The defendant asserts that this case comes within the holding of *State v. Johnson,* 243 Or 532, 413 P2d 383 (1966), because his wife was a co-defendant. *State v. Johnson,* supra, held that the state cannot call a witness when it is known that the *witness* will refuse

to testify on the grounds of self-incrimination. *See State v. Goodin*, 8 Or App 15, 492 P2d 287 (1971) Sup Ct *review denied* (1972). In this present case the wife did not invoke or previously indicate that she intended to claim her Fifth Amendment privilege as a witness or her marital privilege and was prevented from testifying solely by the defendant husband's assertion of his privilege.

*State v. Johnson*, supra, does not change the decision in *State v. Hixson*, supra, because marital privilege is distinguished from the privilege against self-incrimination. The privilege against self-incrimination belongs to the witness alone and is beyond the control of either the defendant or the state. Therefore a witness's refusal to testify on grounds personal to him should not be used to cast an inference either of guilt or innocence. *State v. Johnson*, supra, 243 Or at 538. In the present case, however, the defendant himself, not the witness, is responsible for excluding the testimony. See *State v. Dennis*, supra, 177 Or at 107 et seq.

The prosecution was entitled to call defendant's wife as a witness to rebut any adverse inference against the state.

■■ ■ Defendant's second assignment of error is that the trial court erred in denying his motion for a judgment of acquittal.

The evidence was wholly circumstantial. The duty of this court on review pursuant to this assignment is limited to a determination (1) whether the inferences drawn from the evidence are sufficiently reasonable, *State v. O'Donnell*, 7 Or App 358, 490 P2d 528 (1971) Sup Ct *review denied,* cert denied 406 US 973 (1972); *State v. Christenson*, 5 Or App 335, 339, 483 P2d 84, 484 P2d 853, Sup Ct *review denied* (1971);

and (2) whether there is any circumstantial evidence to support the verdict, *State v. Christenson,* supra, at 336; *State v. Livingston,* 2 Or App 587, 469 P2d 632 (1970). The grocery store employe who accepted the check remembered only that a woman had cashed the check. There was evidence that shortly prior to the cashing of the check the defendant had been working as a janitor at the business from which the blank check was stolen and that the defendant had access to the checkbook and to the check protector during working hours. The owner of the business testified that the building had not been broken into during the time that the check had disappeared.

The name of the payee and the date had been typed onto the check. An expert identified the type as that of a typewriter pawned during the period after the defendant quit his job and before the check was passed at the grocery store.

The pawnshop operator testified that every person who pawns an item is required to sign a register. The signature on the register was "John Inman." A handwriting expert testified that the signature had been written by the defendant.

We conclude there was substantial evidence of each of the elements and that it was sufficiently reasonable for the jury to infer a connection between the woman who actually cashed the check and the defendant. There was sufficient evidence for the jury to find that the defendant aided and abetted the commission of the offense of knowingly uttering and publishing a forged bank check. ORS 161.220.

■ ■ Defendant's third assignment of error is the trial court's acceptance of a guilty verdict in which

only eleven of the twelve jurors concurred. This assignment has no merit per *State v. Gann,* 254 Or 549, 463 P2d 570 (1969).

Affirmed.