Argued June 27, affirmed August 12, reconsideration denied
October 2, petition for review denied November 19, 1974

STATE OF OREGON, *Respondent, v.* RAYMOND
FRANK KRUSHENSKY (No. 73 4558), *Appellant.*

525 P2d 211

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

Defendant was convicted of attempted kidnapping in the second degree, ORS 161.405 and 163.225, by the court, defendant having waived jury trial. He was given a three-year suspended sentence and placed on five years' probation. On this appeal he assigns as error the failure of the court to allow his motion for acquittal.

The specific act charged to defendant was that without consent or legal authority he attempted to take Sheri Eastman, an eight-year-old girl, from a school bus with intent to interfere substantially with the child's personal liberty.[1] The evidence was that defendant drove his car up behind the loaded school bus which was headed for school. He honked his automobile horn, got out of his car and came up to the bus. He got up on the first step of the bus and asked the bus driver if Sheri Eastman was on the bus. When the bus driver asked those present if she was on the bus, the girl jumped out of her seat, three or four rows back, and said that defendant was not her father and that she did not have to do anything he said. She said he was nothing but an old drunk. Defendant then said that Sheri's mother was sick and she needed the girl at home. The bus driver told defendant that the school policy was to let the students off only at school or at home. Defendant again told the driver Sheri's mother was sick at home and needed her help and she should go

---

[1] The indictment read in pertinent part:

"The said RAYMOND FRANK KRUSHENSKY on or about the 10th day of October, 1973, in the county aforesaid, did knowingly and unlawfully, without consent or legal authority, attempt to take Sheri Lynn Eastman from a school bus located on Highway 58 at or near Milepost 1 to another unknown place, with intent to interfere substantially with the said Sheri Lynn Eastman's personal liberty * * *."

home. The bus driver again told defendant she could get off only at school or home and that defendant could follow the bus to school and make arrangements there. During their conversation defendant was leaning against the door to the bus. After the driver suggested he could follow him to school, defendant stepped down from the bus and went back to his car. He followed the bus for a short distance but turned off and did not follow the bus to school. At trial defendant stipulated that he had no parental consent to take the child off the school bus.

Defendant's explanation of his acts was that his wife was taking care of Sheri Eastman's mother, who had a broken leg, and that he wanted Sheri to go to her home and take care of her mother so defendant could take his wife to Cottage Grove to look for a home. He implied that by reason of his wife's taking care of the girl's mother, he had some sort of authority to get the girl off the bus.

The statutes under which defendant was convicted read as follows:

ORS 163.225 (1) provides:

"A person commits the crime of kidnapping in the second degree if, with intent to interfere substantially with another's personal liberty, and without consent or legal authority, he:

"(a) Takes the person from one place to another; or

"* * * * *."

"Without consent" is defined in ORS 163.215 (1):

" 'Without consent' means that the taking or confinement is accomplished by force, threat or deception, or, in the case of a person under 16 years of age or who is otherwise incapable of giving consent,

that the taking or confinement is accomplished without the consent of his lawful custodian."

"Lawful custodian" is defined in ORS 163.215 (2):

" 'Lawful custodian' means a parent, guardian or other person responsible by authority of law for the care, custody or control of another."

ORS 161.405 (1) reads:

"A person is guilty of an attempt to commit a crime when he intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

We review the evidence in the light most favorable to the state and affirm the trial court if there is any substantial evidence to support the court's finding. *State v. Freeman,* 4 Or App 627, 628, 481 P2d 638 (1971).[2]

The trial court found that "defendant attempted to take, through deception, this child from the bus * * * I don't know where he was going to take her." The court further found that the "state has proven the allegations as charged in the indictment beyond a reasonable doubt." There was evidence from which the court could find that defendant, without authority or consent, and knowing that he did not have authority or consent, intentionally engaged in conduct, in stopping the school bus and endeavoring to have the child get off the bus, which constituted a substantial step toward removing the child from the school bus. Where he proposed to take her is not clear, but the court was not required to infer any more than that it was to be

---

[2] *See also,* State v. Krummacher, 269 Or 125, 523 P2d 1009 (1974), where our Supreme Court pointed out that after verdict (analogous to the finding of guilty by the court) conflicts in evidence are to be treated as if they had been decided in the state's favor.

off the bus. Obviously this would have interfered substantially with the child's personal liberty. Defendant was prevented from doing so by the school bus driver, whose refusal to permit her removal forestalled consummation of defendant's act.

We conclude that there was substantial evidence from which the trial court could find guilt beyond a reasonable doubt.

Affirmed.

---

"* * * In deciding whether the circumstances are sufficient to entitle the jury to find beyond a reasonable doubt that defendant was guilty, we must remember that it is not proper for us to hold that there is a reasonable doubt because of conflicts in the evidence. After a verdict of guilt, or in deciding whether the case should be submitted to the jury, such conflicts must be treated as if they had been decided in the State's favor. After the conflicts have been so decided, we take such decided facts together with those facts about which there is no conflict and determine whether the inferences that may be drawn from them are sufficient to allow the jury to find defendant's guilt beyond a reasonable doubt. *State v. Zauner*, 250 Or 105, 110, 441 P2d 85 (1968); *State v. Dennis*, 177 Or 73, 78, 159 P2d 838, 161 P2d 670 (1945). * * *"