Carl Edward **MARTIN**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–74–760.

Court of Criminal Appeals of Oklahoma.

April 16, 1975.

Michael R. Collins, Public Defender, Kay County, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Jimmie D. Patton, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

The appellant, Carl Edward Martin, hereinafter referred to as defendant, was charged, tried and convicted by a jury for the offense of Indecent Exposure in the District Court of Kay County, Oklahoma, Case No. CRF–74–17. The jury assessed punishment at a term of seven (7) years in the state penitentiary and, from a judgment and sentence in conformance with said verdict, defendant has perfected his timely appeal.

The evidence adduced at trial is as follows, to-wit: Fourteen (14) year old Cynthia Ann Adkins testified that at approximately 9:30 p. m. on the evening of January 11, 1974, she, her sister Susan and a friend were leaving a Quik Trip convenience store in Ponca City when they heard a whistle and turned around to see

the defendant sitting in a red and white pickup with his pants unzipped, his penis exposed and "playing with himself". The girls ran back into the Quik Trip in hopes of calling the police. The defendant came in, got a companion and they drove off in the pickup. Cynthia subsequently saw the defendant near her home and then saw him again at a cafe in Ponca City managed by her mother. She told her mother of the defendant's presence and her mother advised an off-duty policeman who was in the cafe. Cynthia subsequently went to the police station where in the presence of Juvenile Officer Goodman she looked through a two-way mirror and identified the man in custody as being the man who exposed himself. She further testified that on the night in question the area around the Quik Trip was well lit, being illuminated by street lights, signs and interior lighting from businesses.

The State's next witness was thirteen year old Susan Elaine Adkins whose testimony was essentially the same as her sister's. She identified the defendant as being the man who exposed himself. She subsequently saw him near her home, then in the cafe, and then through a two-way mirror at the police station. She further stated that after the defendant exposed himself, he asked the girls "if we wanted to be a mamma or something along that line."

The State then called Harold Goodman, who testified that he was the Juvenile Officer for Ponca City and that on the 6th day of February, 1974, and after receiving a complaint of indecent exposure from some children and a parent, he asked the defendant to come to his office at the police department. When the defendant arrived, Goodman "advised him of his rights and the charge placed against him." Goodman then had Cynthia, Susan and their mother come to the station and observe the defendant through a two-way mirror. The defendant was alone in the adjoining room and was identified as the man who had exposed himself to the children. Goodman further testified that he acted upon a com-

plaint made directly to him by the mother and that he received information as to the probable identity of the man involved in the incident from an Officer Randol.

After objection to Goodman's testimony concerning the extrajudicial identification through the two-way mirror, the trial court ruled that the testimony was inadmissible and admonished the jury to disregard same. The State then rested and the defendant failed to introduce any evidence in his own behalf.

Defendant's first proposition in error contends that there was no probable cause for Goodman to place the defendant under custodial arrest without a warrant. In support of his contention the defendant argues that Officer Goodman did not have sufficient knowledge or probable cause to arrest the defendant at the time the defendant was called to the office and advised of his rights and prior to the time that the complaining children viewed the defendant through the two-way mirror in Goodman's presence. Defendant cites Greene v. State, Okl.Cr., 508 P.2d 1095, which holds as follows:

"The test is 'whether, at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information was sufficient to warrant a prudent man in believing that the petitioner [arrestee] had committed or was committing an offense.' Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). One does not have probable cause unless he has information of facts which, if submitted to a magistrate, would require issuance of an arrest warrant. Mere suspicion is not enough."

█ In the instant case, however, Officer Goodman testified that a complaint had been made directly to him by a mother and two children and that he had been advised by Officer Randol as to the defendant's identity after the children had seen the man and positively identified him at the

cafe. We cannot say that Officer Goodman was acting on mere suspicion. He had reasonably trustworthy information, a positive identification which had been communicated to him by Officer Randol. The warrantless arrest was made upon probable cause.

The defendant's second proposition urges that the constitutional rights of the defendant were violated when, subsequent to his arrest, the defendant was placed in a room by himself and viewed through a two-way mirror by the complaining witnesses and their mother. However, the defendant at no time requested an evidentiary hearing outside the presence of the jury to determine if the extrajudicial identification was tainted. The defendant did object to the testimony of Officer Goodman concerning the observation of the defendant through the two-way mirror. However, after reserving a ruling, the trial court subsequently admonished the jury as follows, to-wit:

"BY THE COURT: Ladies and gentlemen of the jury, due to the testimony that has just been given, I am going to admonish you to disregard the testimony concerning the identification made of the defendant at the Police Station. The Court has made a finding that that particular evidence is inadmissible. However, that does not effect [sic] any identification that has been brought out in the testimony made at other times and places. * * *" (Tr. 56)

It is our opinion, in light of the above admonition, that the rights of the defendant were in no way prejudiced in the instant case. The admonition indicates that the trial court made a determination that the courtroom identification was based on observations made by the children at the scene of the incident. It should also be noted that the testimony of the children and Goodman concerning the extrajudicial identification of the defendant was properly admissible. See Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411, and Hill v. State, Okl.Cr., 500 P.2d 1075.

Therefore, for all the reasons set out above, the defendant's second proposition is without merit.

The defendant's last proposition urges that the statute, 21 O.S.1971, § 1021(1), under which the defendant was prosecuted is unconstitutionally vague, specifically referring to the terms "lewdly" and "person or private parts thereof." The relevant portions of Section 1021(1) provide:

"Every person who wilfully either:

"(1) lewdly exposes his person, or private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby;"

There is no doubt that the term "lewdly" is not unconstitutionally vague. This Court in Rich v. State, Okl.Cr., 266 P.2d 476, citing earlier cases and other source material, defined the term "lewd" to be an unlawful indulgence in lust; eager for sexual indulgence. One need only refer to the recent decisions of the United States Supreme Court to realize that said Court is of the opinion that the term "lewd" is sufficiently definite so as not to deceive a reasonable man. See United States v. 12 200-foot Reels of Super 8 mm. Film, 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed. 2d 500, wherein the Supreme Court approves the phrase "lewd exhibition of the genitals." See also Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419.

There is also no doubt that the term "private parts" is not so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. Lock v. Falkenstine, Okl. Cr., 380 P.2d 278. It cannot be said that the term "private parts" does not reasonably include the genital procreative organs. See State v. Dennison, 72 Wash.2d 842, 435 P.2d 526 and State v. Moore, 194 Or. 232, 241 P.2d 455. It is, therefore, the opinion of this Court that 21 O.S.1971, § 1021(1) is not unconstitutional upon the grounds of vagueness as urged by the defendant.

The record reflects the defendant had a fair and impartial trial and the jury determined his guilt beyond a reasonable doubt and assessed the punishment at seven (7) years confinement. The statute under which defendant was found guilty provides for a wide range of punishment, the maximum being ten (10) years, and the verdict is well within statute. The judgment and sentence is affirmed.

BUSSEY, J., concurs.

BRETT, Presiding Judge (specially concurs):

I concur that there was sufficient evidence to go to the jury, but I believe the sentence is excessive and resulted from prejudice.