Argued December 15, 1975, affirmed January 19, reconsideration denied February 25, petition for review allowed March 31, 1976

# STATE OF OREGON, *Respondent,*
*v.*
# JOSEPH STEPHEN ABBOTT, *Appellant.*
## (No. 22183, CA 4543)
544 P2d 620

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John L. Snyder,* District Attorney, Dallas, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

THORNTON, J.

**THORNTON, J.**

Defendant was convicted after jury trial of burglary. ORS 164.225. The sole issue on appeal is defendant's claim of prejudicial misconduct by the prosecuting attorney. Defendant contends that it was reversible error for the trial judge to refuse a mistrial after the prosecutor called defendant's accomplice, James Morgan, as a witness for the state, knowing that the witness would probably refuse to testify.

Defendant and Morgan, the witness in question, were involved in a burglary in which a small safe and its contents were taken from a residence in the Valley Junction area in October 1974.

The record establishes that Morgan had previously entered a plea of guilty and had been sentenced, and that the period for giving notice of appeal had passed. The record further shows that he had agreed to testify for the state as a part of a plea bargain agreement. Morgan, when called to the stand at trial, answered some 15 preliminary questions, including his acquaintance with defendant, the nature of this acquaintance, that defendant owned a yellow Datsun convertible which had previously been identified as an instrumentality of the crime. It was only after this information was elicited that Morgan refused to testify. He gave as his reasons: "Because I don't want to. * * * Because it's not my place."

We now turn to the authorities on the question presented here. The state cites, inter alia, *State v. Johnson,* 243 Or 532, 413 P2d 383 (1966); *State v. Dennis,* 177 Or 73, 159 P2d 838, 161 P2d 670 (1945); *State v. Inman,* 8 Or App 180, 492 P2d 804, Sup Ct *review denied* (1972). Defendant cites *State v. Johnson* and *State v. Inman,* both supra.

In both *Dennis* and *Inman* it was held that the wife of a criminal defendant could be called by the state, even though the prosecution was aware that the defendant would assert his marital privilege as to her tes-

tifying. *Dennis* and *Inman* both involved a claim of privilege by the criminal defendant himself, rather than by the witness, and are therefore not squarely in point. *State v. Johnson,* supra, is also distinguishable. In *Johnson* our Supreme Court held that calling a witness who was defendant's alleged accomplice was reversible error where the alleged accomplice had not been tried, and defendant's counsel had informed both the court and the prosecutor that the witness intended, as he did, to exercise his privilege against self-incrimination.

We do not think *Johnson* is controlling here for the following reasons: First, the accomplice in *Johnson* had not already been tried and convicted, and therefore had a valid claim of privilege against self-incrimination; second, in *Johnson* the accomplice had not entered into a plea bargain and agreed to testify; and third, the trial court in *Johnson* gave no cautionary instruction as it did in the case at bar.

After examining the record and analyzing the authorities, we conclude that the trial judge did not err in refusing to grant defendant's motion for a mistrial. Even though the state had information indicating that Morgan probably would refuse to testify, Morgan had no privilege against testifying. The privilege against self-incrimination is waived where the witness has entered a guilty plea, has been sentenced and the examination is directed to eliciting facts concerning the crime of which he was convicted. *State v. Nelson,* 246 Or 321, 424 P2d 223, *cert denied* 389 US 964 (1967). The prosecution was entitled to call Morgan as a witness to rebut any adverse inference against the state which would arise from the failure of the prosecution to call an available important witness.

In *State v. Brooks,* 44 Hawaii 82, 352 P2d 611 (1960), defendant was being tried for robbery. The prosecution called defendant's accomplice, Torres, who had already been tried and convicted of the same crime, to testify for the state. Torres refused to testify

despite the judge's explanation to the witness that he could no longer be prosecuted for the crime. Thereafter he was found in contempt in the presence of the jury.

On appeal defendant contended that he was prejudiced because the trial judge did not explain to the witness that he had no privilege against self-incrimination. The appellate court found no error on this ground, saying:

"* * * The prosecution had a right to put Torres on the stand as its own witness and defendant cannot complain that requiring the witness to proceed with his testimony was prejudicial. * * *" 44 Hawaii at 88, 352 P2d at 615.

*See generally,* Annotation, 9 ALR3d 990 (1966).

Unlike the accomplice in *Johnson,* Morgan did not rely on any real or claimed privilege against self-incrimination. Moreover, unlike the trial judge in *Johnson,* the trial judge in the instant case instructed the jury that no unfavorable inference against the defendant should be drawn because Morgan refused to testify.

Affirmed.

**SCHWAB, C. J.,** dissenting.

Finding the operative facts of *State v. Johnson,* 243 Or 532, 413 P2d 383 (1966), indistinguishable from the present facts, I would reverse and remand for a new trial.

I distill the following rule from *Johnson*: It is error for the prosecution to call a defendant's alleged accomplice as a witness in a jury trial when (1) the prosecution has prior notice that the accomplice intends to refuse to testify, and (2) when the basis of the refusal is beyond the control of the defendant. Here the first element, prior notice, is conceded and there is no suggestion in the record that defendant had any control over Morgan's refusal to testify or in any way participated in Morgan's decision.

It is not significant that the witness in *Johnson* invoked a valid self-incrimination objection, while, according to the majority, Morgan could make no such claim. The concern in *Johnson* was not with the protection of a constitutional right; instead the concern there was "the calling of the witness can be accounted for only on the basis of a purpose to prejudice the jury." 243 Or at 539. The danger of prejudice is the same regardless of the basis of the accomplice's refusal to testify.

I fail to see how the plea bargain involved in the present situation is a difference that distinguishes *Johnson* and produces a different result.

As for the cautionary instruction, *Johnson* requires a different approach:

"* * * If the state is at any time uncertain whether or not a witness will refuse to testify, this can be easily determined before the trial court in the absence of the jury and the appearance of purposeful prejudice avoided." 243 Or at 539.

I understand this to mean that once it has been determined that a witness will refuse to testify, the trial court should instruct the jury that the witness is unavailable, and no inference for or against either party should be drawn from that unavailability.

Such an approach both avoids the danger of prejudice that was the basis of the *Johnson* decision, and the gamesmanship and posturing inherent in either party's trying to use the unavailability of a witness as a jury argument against the other.

With controlling Oregon authority on point, there is no need to examine Hawaii case law. But I note that in *State v. Brooks,* 44 Hawaii 82, 352 P2d 611 (1960), there is no indication that the prosecution had any advance notice the witness would refuse to testify. Moreover, so far as I can determine from the *Brooks* decision, if the Hawaii court were faced with the *Johnson* situation, it would reach the opposite result.

I respectfully dissent.