Argued June 4, affirmed June 24, 1964

## STATE OF OREGON *v.* MOORE
### 393 P. 2d 180

*William L. Lasswell,* Roseburg, argued the cause and filed briefs for appellant.

*Philip J. Washburn,* Deputy District Attorney,

Roseburg, argued the cause for respondent. With him on the brief was Avery W. Thompson, District Attorney, Roseburg.

Before McAllister, Chief Justice, and Rossman, Sloan, Goodwin and Lusk, Justices.

## SLOAN, J.

Defendant was found guilty on an indictment which charged her with attempting to obtain public welfare assistance by false representation. On this appeal, defendant's only claim of error is a want of sufficient evidence to convict. The statute alleged to have been violated, ORS 411.630 (1) reads:

"No person shall by means of any false representation or fraudulent device knowingly obtain or attempt to obtain, for the benefit of himself or of any other person, any amount or type of general assistance or public assistance as defined in ORS 411.010, to which he or such other person is not entitled under state law."

The indictment charged that on June 19, 1963, defendant did falsely represent, in writing, that for the 12 month period immediately preceding she had not received support, contributions or gifts from members of her family or others.

The writing was on a Welfare Commission form designated Statement of Property and Resources. Question 9 on that form asked if defendant had received "Support payment or contributions from relatives." Defendant had answered the question "no." Question B on the form asked:

"B. What other money, loans, gifts or source of income do you have which are not listed above? Include your own resources and those of all per-

sons for whom you are requesting assistance, including children."

Defendant answered this question "no." Both answers were false. Believable evidence on trial tended to prove an income into defendant's household for the prior 12 months in excess of $7,000. That sum did not include any welfare payments that may have been received.

■ No motion for a directed verdict of acquittal was made at the appropriate time at the trial of the case. Both defendant and the state assume that *State v. Moore,* 1952, 194 Or 232, 241 P2d 455, will allow a motion for a directed verdict to be made for the first time on appeal in every criminal case brought here. They misread the case. That case held that we will consider such a motion only to prevent a miscarriage of justice or where it appears that a defendant has not had a fair trial. *State v. Bouse,* 1953, 199 Or 676, 685, 264 P2d 800. Nothing of the kind is apparent in the record of the instant appeal.

Defendant here argues that even if the representations were false it was necessary for the state to prove that defendant was not "entitled by law" to receive assistance. Defendant relies on an opinion found in Opinions of the Attorney General, page 420 (1960-1962). The Attorney General's opinion indicates that in the particular case that had been referred to him it would have been necessary to submit evidence of the amount of payments allowable by the statutes and by the regulations of the welfare commission in order to ascertain whether the alleged false representation would have permitted the applicant to receive more assistance than he would otherwise be entitled to. We

will assume, without now deciding, that in a given case this may be necessary.

■ In the instant case it would appear rather ridiculous to wonder if a family possessing an income of $7,000 for the 12 months preceding the application was entitled to public assistance. But if we grant that it was necessary for such evidence to have been submitted in order to make a prima facie case it would have been, in this case at least, little more than a formality. If a motion for a directed verdict had been made at the trial, the court could have properly permitted the state to reopen its case and present the evidence. It is probable that a request for the court to take judicial notice of the statutes and regulations would have sufficed in this case. We make no judgment on that.

We do hold that the issues presented on this appeal do not present any question of due process or of a substantial miscarriage of justice. Defendant received a fair trial and the evidence, other than the omission mentioned presented a jury case. The omission was not fatal.

Affirmed.