Argued March 10, affirmed March 22, 1967

STATE OF OREGON, *Respondent, v.*
WENDELL FLOYD LONG,
*Appellant.*

425 P. 2d 528

*Gary D. Babcock,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Lawrence A. Aschenbrenner, Public Defender, Salem.

*Del Parks,* Deputy District Attorney, Klamath Falls, argued the cause for respondent. With him on the brief were Samuel A. McKeen, District Attorney, and Enver Bozgoz, Deputy District Attorney, Klamath Falls.

Before PERRY, Chief Justice, and McALLISTER, SLOAN and REDDING, Justices.

McALLISTER, J.

The defendant, Wendell Long, and one Edward Romero were jointly indicted in Klamath county of the crime of burglary not in a dwelling. Defendant was tried separately by the court without a jury, was found guilty, and sentenced to a ten-year term in the penitentiary, from which he appeals. This case is a sequel to *State v. Long,* 243 Or 561, 415 P2d 171 (1966).

There was substantial evidence tending to prove the following facts. The Medo-Bel Dairy in Klamath Falls was broken into sometime between 5:00 p.m. on April 7, 1965 and 5:00 a.m. on April 8, 1965. An attempt was made also to break into the nearby Lucas Furniture Store after 1:30 a.m. on April 8. About $15.35 in coins, mostly pennies, nickels and dimes, was stolen from the Medo-Bel Dairy. Long met Romero in a Klamath Falls bar at about 9:30 p.m. on April 7. The duo made the rounds of the bars until about midnight when they went into the Chuck Wagon where they stayed until the bar closed at about 1:10 a.m. on April 8. Shortly thereafter they were observed by one of defendant's witnesses traveling together in an automobile borrowed by Romero from Jeanette Mars. Long and Romero were apprehended by city police officers about 2:34 a.m. on April 8, on Main Street in Klamath Falls. Romero was driving the automobile and Long was riding in the front seat with him. The men had been under observation by the officers for only a few minutes before they were stopped. The officers, with the permission of Romero, searched the vehicle and found under the front seat a crowbar and

sledge hammer. Laboratory tests proved that the sledge hammer had been used both in the Medo-Bel burglary and in the attempted burglary of the Lucas Furniture Store, and that the crowbar had been used in an attempt to pry open a door of the furniture store. About $9.98 in pennies, nickels and dimes was found concealed under the front floor mats of the vehicle.

Defendant's brief contains only one assignment of error. It alleges that the trial court erred in denying defendant's motion for a judgment of acquittal. The motion was made immediately after the state rested and was based on the following limited grounds:

(1) That the state had failed to prove that the building known as the Medo-Bel Dairy, which defendant was accused of burglarizing, was not a dwelling, and

(2) That the state had failed to prove ownership of the building.

The motion was denied and thereafter defendant called three witnesses to testify on his behalf and took the stand himself. There was no rebuttal by the state.

■■ Defendant did not renew his limited motion for a judgment of acquittal at the close of the case. Except on the limited grounds set out above, defendant did not at any time in the trial court challenge the sufficiency of the evidence to support a finding of guilt. Nevertheless, his brief in this court is devoted solely to the argument that the state failed to offer evidence sufficient to connect the defendant with the burglary of the Medo-Bel Dairy. Since defendant failed to raise that issue in the trial court, he cannot raise it for the first time in this court. As we reiterated in *State v. Abel*, 241 Or 465, 467, 406 P2d 902 (1965); "it is still the rule in this state in criminal as in civil

cases that 'a question not raised and preserved in the trial court will not be considered on appeal.'" See, also, *State v. Moore,* 238 Or 117, 393 P2d 180 (1964); *State v. Sanders,* 232 Or 631, 376 P2d 668 (1962); *State v. Avent,* 209 Or 181, 302 P2d 549 (1956). Since the defendant has abandoned the grounds on which he moved for judgment of acquittal in the lower court, the record presents no issue for review by this court.

There is nothing about this case to warrant any relaxation of the general rule, or to indicate that it would be of any benefit to the defendant. The judgment is affirmed.