Argued April 22, affirmed May 28, petition for rehearing
denied June 29, 1971

STATE OF OREGON, *Respondent, v.*
TERRY DOLAN HOWARD, *Appellant.*

485 P2d 439

*George A. Haslett, Jr.,* Portland, argued the cause and filed the brief for appellant.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

Defendant was convicted by the Circuit Court of Multnomah County of burglary not in a dwelling under ORS 164.240. All evidence was stipulated to by the parties. On appeal defendant contends that the court should have allowed his motion for judgment of acquittal, which was based on the ground that the state had failed to prove an intent to steal property within the building involved.

At about 1:30 a.m. on June 22, 1969, the silent burglar alarm at the Radke Auto Supply was triggered, summoning police. When the police arrived they apprehended defendant and three others on the roof. A portion of the roof which had previously been broken into and thereafter securely boarded up, had been rebroken and the boards torn off. A towel, flashlight and gloves were found on the roof. Dirty footprints, which were not connected to the defendant, were observed on the floor of the building directly below the opening in the roof. Another towel was found near the footprints. In addition, light fixtures

had been yanked down from the ceiling, the lights had been unscrewed and all had been turned off by that method. It was also stipulated that the management had checked the premises just prior to locking up for the night and found everything secure and had left several lights burning.

■ To prove burglary, it was necessary for the state to establish, among other things, that the defendant had an intent to commit a crime at the time he broke and entered the premises. *State v. Higgins*, 1 Or App 84, 459 P2d 452 (1969). Defendant urges that the state failed to prove this element of the alleged crime.

■ Defendant's contention cannot be sustained. The evidence produced by the state on the issue of defendant's intent was circumstantial. However, circumstantial evidence is sufficient to establish any necessary element of a crime. *State v. Freeman,* 4 Or App 627, 481 P2d 638 (1971). The judge in the instant case was entitled to reach a conclusion that the state had proved intent based on inferences drawn from this circumstantial evidence. As we pointed out in *State v. Kelly,* 5 Or App 103, 107, 482 P2d 748 (1971), where the charge was burglary in a dwelling:

> "* * * Circumstantial evidence may be sufficient to prove an intent to steal, even though nothing was actually taken. *State v. Hicks*, 213 Or 619, 626-29, 325 P2d 794 (1958); *Hebb v. State*, 10 Md App 145, 268 A2d 578 (1970) * * *."

■ Though the footprints, yanked-down lighting fixtures, and other physical evidence of forcible breaking and entering were not directly connected to this particular defendant, each confederate is liable for every act of his accomplices in the execution of a common

purpose in violation of law. *State v. Brewton*, 220 Or 266, 344 P2d 744 (1959); ORS 161.220.

■ This court may reverse such a finding only if it determines that the inferences drawn were not reasonable. *State v. Christenson*, 5 Or App 335, 339, 483 P2d 84, 484 P2d 853, Sup Ct *review denied* (1971).

■ We conclude that the evidence produced provided a sufficient basis from which a reasonable inference of an intent to steal could be drawn. *State v. Kelly*, supra.

Affirmed.