Argued June 26, affirmed July 29, 1974

## STATE OF OREGON, *Respondent, v.* TONY MICHAEL LARSON (No. 18377), *Appellant.*

524 P2d 1236

*Thomas V. Bryant, Jr.,* Bend, argued the cause for appellant. On the brief were McCallum and Bryant, P. C., Bend.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Following a jury trial, defendant was found guilty of attempted second degree burglary. ORS 164.215 and 161.405. Defendant's contention on this appeal is that the state failed to prove the elements of the offense, therefore the trial court erred by not granting his motion, at the close of the state's case, for judgment of acquittal. Defendant offered no evidence.

The evidence may be summarized as follows: A night watchman in a nearby hotel building saw two men, one of whom he later identified as defendant, going around the west side of a small office building in Bend in the early morning hours of June 20, 1973. According to this witness, one of the pair was carrying a long, shiny, cylindrical object. About 15 or 20 seconds after the pair disappeared behind the office building, this witness heard the sounds of glass being broken two or three times. The witness immediately called the police. Two police cars responded within a minute or two. One officer went around the west side of the office building. In the rear of the building the officer discovered that the rear window of Dr. Schuman's optometry office had been smashed so that there was a hole large enough for a man to enter through. The other officer went around the east side of the building where he encountered defendant running toward him. When the officer ordered defendant to "hold it," defendant immediately halted, "put his hands up, then he put his hands behind his back." The officer had not ordered defendant to put his hands up. The second man was never identified nor apprehended.

Dr. Schuman testified that nothing was missing or disturbed inside his office. A brass artillery shell casing was found 75 to 80 feet west, and to the rear, of

the building. This shell was similar to the object previously seen being carried by defendant and his unidentified companion. The shell was also identical to one owned by Dr. Schuman's father, and which was missing from a shop several blocks away, where it had been kept. No fingerprints were found on the shell casing or within the doctor's office.

In denying defendant's motion for judgment of acquittal, the trial court ruled that the evidence was sufficient to be submitted to the jury. The court thereafter, consistent with the language of *State v. Dennis,* 177 Or 73, 77, 159 P2d 838, 161 P2d 670 (1945), instructed the jury concerning circumstantial evidence as follows:

> "When circumstantial evidence is relied upon for conviction, it must not only coincide with, render probable and be consistent with the guilt of the accused, but it must be inconsistent with any reasonable theory of his innocence and incapable of explanation upon any other reasonable basis than that of guilt."

■■ Our role is to determine whether there is sufficient evidence upon which the jury could reasonably return a verdict of guilty. *State v. Colson,* 251 Or 624, 447 P2d 302 (1968). Circumstantial evidence is sufficient to establish the elements of a crime and a jury is entitled to draw all reasonable inferences capable of being drawn from such evidence. *State v. Zauner,* 250 Or 105, 109-110, 441 P2d 85 (1968); *State v. Dennis,* supra at 77-78; *State v. Christenson,* 5 Or App 335, 339, 483 P2d 84, 484 P2d 853, Sup Ct *review denied* (1971).

Commenting on the circumstantial evidence rule in *State v. Dennis,* supra, our Supreme Court has recently stated:

> "* * * The rule of *Dennis* is one of general ap-

plication in a majority of jurisdictions. However, some courts indicate that the *Dennis* standard is for the jury to apply and that a jury conviction based on circumstantial evidence will not be set aside unless the record shows that upon no hypothesis is there sufficient evidence to convict * * *.

"* * * * *

"It is our conclusion that *Dennis* does not mean, as it appears to say, that every rational hypothesis must be excluded. It simply means that circumstantial evidence, like direct evidence, must indicate guilt to the extent that there is no reasonable doubt of that conclusion. In deciding whether a jury issue exists, *Dennis* requires only that the inferences of innocence be considered that may be drawn from the facts in evidence (as found in the State's favor) or from the paucity of such facts, and if they are sufficient to create a reasonable doubt, the case may not be submitted to the jury * * *." *State v. Krummacher,* 269 Or 125, 139, 523 P2d 1009 (1974).

In *State v. Kelly,* 5 Or App 103, 482 P2d 748 (1971), the defendant banged on the doors of a house and then forced open the rear door. Defendant was immediately confronted by the householder and fled. We upheld defendant's conviction for attempted burglary on the ground that the jury could reasonably infer the necessary intent from the above facts. *Accord, State v. Howard,* 5 Or App 643, 485 P2d 439 (1971).

The present case is more analogous to *State v. Kelly,* supra, than to *State v. Christenson,* supra, upon which defendant relies. In *Christenson,* we held that the state had not sufficiently connected the defendant with the rattling of a tavern door five minutes after closing hours. Therefore this act, coupled with discovery of defendant in back of the tavern later that night, did not amount to a commencement of an

attempted breaking and entering. The strongest inferences that could be drawn from all the evidence suggested only preparation and were not sufficient to sustain a conviction. 5 Or App at 340.

■ In the present case, it is possible to infer from the broken window, from the fact that a man could enter the building through the broken window, and from defendant's flight, that the prompt arrival of the police officers frustrated the breaking and entering. Therefore the jury could properly conclude that defendant was guilty of an attempt to break and enter Dr. Schuman's office with the intent to commit a crime therein.

Affirmed.