Argued January 17, affirmed March 21, reconsideration denied
June 8, petition for review denied September 20, 1977

STATE OF OREGON, *Respondent,*
*v.*
DONALD FRANK YOST, *Appellant.*
(No. C 75-10-3236, CA 6359)

561 P2d 657

Howard R. Lonergan, Portland, argued the cause
and filed the briefs for appellant.

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

TANZER, J.

## TANZER, J.

Defendant was convicted of attempted murder, harassment and first degree burglary. Pursuant to ORS 161.725,[1] he was sentenced as a dangerous offender and an enhanced penalty was imposed for the attempted murder. He first assigns as error the trial court's denial of his motion for judgment of acquittal on the burglary charge.

■ On the morning of October 12, 1975, defendant broke into the home of his estranged wife who was then asleep in her bedroom. He joined her in bed and attempted to have sexual relations with her, but she resisted. There followed an argument during the course of which defendant struck his wife. She managed to escape from the house, but defendant pursued her to a neighbor's front yard where, using a razor blade unlike any found within the house, he slit her throat.

■ Defendant contends that there was no evidence from which a jury could conclude that he entered his wife's home with the intent to commit a crime therein. In nearly all cases, proof of such specific intent must necessarily be by circumstantial rather than direct evidence. The intent issue should be resolved by the

---

[1] ORS 161.725 provides in part:

"The maximum term of an indeterminate sentence of imprisonment for a dangerous offender is 30 years, if the court finds that because of the dangerousness of the defendant an extended period of confined correctional treatment or custody is required for the protection of the public and if it further finds, as provided in ORS 161.735, that one or more of the following grounds exist:

"(1) The defendant is being sentenced for a Class A felony, and the court finds that he is suffering from a severe personality disorder indicating a propensity toward criminal activity.

"(2) The defendant is being sentenced for a felony that seriously endangered the life or safety of another, has been previously convicted of a felony not related to the instant crime as a single criminal episode, and the court finds that he is suffering from a severe personality disorder indicating a propensity toward criminal activity.

"* * * * *."

jury unless the evidence in the record could not, under any reasonable hypothesis, support a finding of the requisite mens rea. *State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974); *State v. Larson,* 18 Or App 239, 524 P2d 1236 (1974); *State v. Kelly,* 5 Or App 103, 482 P2d 748 (1971). In this case, defendant's uninvited and forceful manner of entry into his estranged wife's home, followed by his apparently unprovoked attack upon her reasonably support an inference of a burglarious intent. Furthermore, the fact that the razor blade which defendant used was unlike any found inside the home indicates that defendant apparently brought the blade with him. This, in turn, gives additional support to the inference that defendant entered the home with the intent to commit an assault therein. The evidence is sufficient to allow a finding of burglarious intent.

■ The remaining assignments of error relate to the procedure followed by the sentencing court in determining that defendant was a dangerous offender. Defendant contends that, upon his demand, the punishment enhancement proceeding should have been tried before a jury. This contention was rejected in the context of the habitual offender statutes[2] which predated ORS 161.725, *State v. Knighten,* 248 Or 465, 435 P2d 305 (1967), and the same reasoning is applicable to the present dangerous offender statutes.

■ Defendant next contends that the sentencing court erred in refusing to consider the testimony of 11 lay character witnesses as evidence bearing on defendant's dangerous offender status. The witnesses were friends, relatives and former employers of defendant. The court admitted their testimony as evidence in mitigation,[3] but not as evidence of psychiatric condi-

---

[2] Former ORS 168.015 *et seq.*

[3] ORS 137.080 provides:

"After a plea or verdict of guilty, or after a verdict against the defendant on a plea of former conviction or acquittal, in a case where a

tion on the issue of whether an enhanced penalty was appropriate. All 11 witnesses testified that, to their knowledge, defendant had never exhibited any propensity for violence.

The procedure for determining whether a defendant is a dangerous offender is set forth in ORS 161.735. That statute provides for the preparation of a presentence report and for psychiatric evaluation of the defendant. A presentence hearing is required by subsection (5) which provides:

> "Upon receipt of the psychiatric examination and presentence reports the court shall set a time for a presentence hearing, unless the district attorney and the defendant waive the hearing. At the presentence hearing the district attorney and the defendant may examine the psychiatrist who filed the report regarding the defendant."

By expressly providing only for the confrontation of examining psychiatrists, this section arguably limits dangerous offender hearings to presentation of psychiatric evidence. The sentencing court so read the statute. However, we need not consider whether the legislature intended such a limitation or whether, if so limited, the statute fails to afford due process. As this case indicates, the procedures under ORS 161.735 do not exist in a vacuum. Under ORS 137.080 and 137.090 a defendant may be permitted to introduce any type of mitigating evidence prior to imposition of sentence. Here, the sentencing judge heard and considered all of the evidence in mitigation which defendant wished to present. Thus, even if the narrow reading of ORS 161.735 was incorrect, it was harmless.

■ Finally, defendant contends that the sentencing court erred in failing to make the necessary finding

discretion is conferred upon the court as to the extent of the punishment to be inflicted, the court, upon the suggestion of either party that there are circumstances which may be properly considered in aggravation or mitigation of the punishment, may, in its discretion, hear the same summarily at a specified time and upon such notice to the adverse party as it may direct."

that defendant was dangerous. Although the judge's comments on the record indicate that no such finding was made, the written judgment order includes such a finding. Where such a conflict exists the judgment, not the oral findings, controls. *State v. Swain/Goldsmith,* 267 Or 527, 517 P2d 684 (1974).

Affirmed.