Argued May 16, reversed and remanded for resentencing July 5, 1978

# STATE OF OREGON, *Respondent,*
*v.*
# GARY LEE BATSON, *Appellant.*
## (No. 77-3911, CA 9849)

580 P2d 1066

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief were Gary D. Babcock, Public Defender, and Mark E. Birge, Certified Law Student, Salem.

John W. Burgess, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Defendant appeals his conviction after trial to the court of attempted burglary in the first degree. ORS 164.225; 164.405. He raises three assignments of error.

The facts can be briefly stated. A police officer was called to a residential neighborhood at approximately 4 a.m. by a person who reported that after hearing sharp metallic sounds from the house next door she looked out her window and saw a man standing at the house, running his hand around the edge of a window. When he arrived at the house, the officer found that a screen had been removed from a window. As he prepared to investigate further, he saw defendant running, apparently away from the rear of the house. When the officer ordered him to stop, defendant dropped a pocket knife with an opened blade.

■■ Defendant argues first that the indictment was demurrable on the ground that it was not definite and certain because it did not specify the crime defendant intended to commit after entering the house. Under *State v. Sanders,* 280 Or 685, 572 P2d 1307 (1977), the indictment would have been subject to demurrer on that ground. Defendant did not demur, however, and he cannot now raise that objection. ORS 135.640.

■■ As his second assignment of error defendant contends that the evidence was not sufficient to support a conviction for attempted burglary. In particular he argues that the state failed to prove that he had the intent to commit a crime inside the house and that the evidence of his voluntary intoxication established as a matter of law that he did not have the specific intent to commit a crime. Defendant did not raise these issues before the trial court. Ordinarily we will not overturn a conviction upon a challenge to the sufficiency of the evidence presented for the first time on appeal, *State v. Long,* 246 Or 394, 425 P2d 528 (1967), and we see no reason to depart from that policy in this case.

Moreover, the evidence in this case, although circumstantial, was sufficient to support a finding that defendant had attempted to enter the dwelling with the intent to commit a crime inside. *See State v. Hicks,* 213 Or 619, 325 P2d 794 (1958); *State v. Kelly,* 5 Or App 103, 482 P2d 748 (1971).

Whether the defendant was so intoxicated that he could not form the specific intent to commit a crime was an issue for the trier of fact. Although there was evidence that defendant had consumed several beers, one of the arresting officers testified that defendant was only "borderline for DUII." From that testimony the court could have found that defendant was capable of forming the requisite intent.

The trial court placed defendant on probation for three years. One condition of the probation was that

"* * * defendant consent to the search of his person, place of residence or motor vehicle at any time of the day or night by his probation officer or any law enforcement officer, without being accorded, as a condition thereof, any constitutional or statutory rights precedent to such search."

That condition is invalid under *State v. Fisher,* 32 Or App 465, 574 P2d 354 (1978).

Reversed and remanded for resentencing.

**LEE, J.,** dissenting.

As stated in my dissent in *State v. Fisher,* 32 Or App 465, 470, 574 P2d 354, *rev den* (1978), it is my opinion that we went too far in *State v. Culbertson,* 29 Or App 363, 563 P2d 1224 (1977), in restricting conditions of probation.

The protection of the public is the ultimate objective of our criminal system. It is unrealistic to so circumscribe the terms of probation that a warrantless search by a law enforcement officer during the period of probation is proscribed. If the defendant prefers incarceration to such a condition of probation he

should make that known at the time of sentencing, otherwise, he should be deemed to have waived any objection to the provision.

I would affirm and therefore respectfully dissent.