Argued October 19, reversed and remanded for resentencing
December 18, 1978

STATE OF OREGON, *Respondent,*

*v.*

KENNETH EDGAR TRICKER, *Appellant.*

(No. C78 02 01604, CA 10903)

588 P2d 48

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Melinda L. Bruce, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendant appeals from his conviction of first-degree rape, ORS 163.375(1)(c), and the resulting sentence.

Defendant was charged with having engaged in sexual intercourse with his daughter, who was at the time under the age of 16. He contends that the trial court erred in failing to order, on its own motion, a judgment of acquittal, arguing that there was no evidence of penetration. His daughter testified:

> "* * * I went into the camper and Dad was there, and he locked the door and he started to kiss me and started to undress me. He took my clothes off and made me kneel down on the floor of the camper and he tried to insert his penis into my vagina, and he couldn't continue because he said the camper shook too badly and it was, be noticeable from the outside."

■ Assuming for the sake of argument that this testimony is not sufficient to make the question of penetration one for the jury, the fact remains that the defendant did not raise this issue below and we see no reason to here depart from the general rule that issues not raised and preserved in the trial court cannot be raised on appeal. *State v. Long,* 246 Or 394, 425 P2d 528 (1967); *State v. Redeman,* 9 Or App 329, 496 P2d 230 (1972).

■ The imposition of a mandatory minimum sentence was error, because the crime occurred prior to October 4, 1978. *State v. Bussey,* 34 Or App 535, 579 P2d 264 (1978).

Reversed and remanded for resentencing.

**THORNTON, J.,** dissenting.

Defendant was convicted of first degree rape and sentenced to 20 years with minimum imprisonment of 10 years.

I am unable to concur with that portion of the majority opinion that finds defendant guilty of rape in the first degree, for one simple reason.

It is axiomatic that proof of some penetration is a necessary element of statutory rape. *State v. Hoffman,* 236 Or 98, 385 P2d 741 (1963); *State v. Poole,* 161 Or 481, 90 P2d 472 (1939).

The record in this case is devoid of any evidence of penetration or evidence from which the same can be inferred. The victim testified: "* * * [H]e tried to insert his penis into my vagina, and he couldn't continue because he said the camper shook too badly and it was, be noticeable from the outside."

In my view this is plain error. This being the case, in fairness to the defendant we should take note of this deficiency in the proof and reduce the crime charged to attempted rape and remand for entry of such judgment and for resentencing.