Argued August 28, 1978, affirmed March 19, 1979

STATE OF OREGON, *Respondent,*
*v.*
MICHAEL DALE OLSON, *Appellant.*
(No. C 77-08-10746, CA 9987)
592 P2d 273

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Gregory A. Parker, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

Defendant appeals his conviction of burglary in the second degree[1] after a jury trial. He raises four assignments of error.

Police officers were called to a photography studio in response to a report that two men were on the roof of the building at approximately 1 a.m. While investigating, they heard a loud crash from within the studio. More police officers arrived and several climbed onto the roof. At an open skylight, they looked into the studio where they saw two men under a table. Repeated requests for the two to come out from under the table brought no response. After an employe arrived with keys to the studio, the defendant and his companion were taken into custody. According to defendant, the two had fallen through the skylight into the building while attempting to get away from persons they had been fighting with in the street. They then found themselves locked inside. According to the employee, nothing was missing nor had anything been disturbed.

■ Defendant first argues that the indictment was subject to demurrer on the ground that it did not specify the crime defendant intended to commit after entering the building; however, defendant did not demur and he cannot now raise that objection. *State v. Batson*, 35 Or App 175, 177, 580 P2d 1066 (1978). ORS 135.640.

■ Defendant's second assignment of error contends that the following instruction should not have been given:

"[THE COURT]: * * * * You are instructed that you may infer an intent to steal on the part of the

[1]ORS 164.215 provides:

"(1) A person commits the crime of burglary in the second degree if he enters or remains unlawfully in a building with intent to commit a crime therein.

"(2) Burglary in the second degree is a Class C felony."

defendant from his unlawful presence in the building under circumstances showing unlawful entry. * * *"

Defendant argues that this instruction, though couched in terms of an inference, raises the inference to a presumption in the eyes of the jury and therefore shifts the burden of proof of the element of intent onto the defendant in violation of due process. The Supreme Court has recently addressed this precise issue in *State v. Stilling,* 285 Or 293, 590 P2d 1223 (1979). The instruction was not erroneous.

■■ As his third assignment of error defendant contends the court erred in denying his motion for judgment of acquittal. He argues that the state's evidence regarding intent to commit a crime in the building was insufficient to go to the jury. ORS 136.445[2] requires the trial court to grant such a motion if the evidence introduced would not support a verdict against defendant. In applying the standard of review announced in *State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974), we stated in *State v. Shipp,* 27 Or App 675, 682, 557 P2d 244 (1976):

> "* * * In reviewing a trial court's denial of a motion to acquit we must treat all conflicts in the evidence as having been resolved in favor of the state and give the state the benefit of all inferences that can properly be drawn from the proof submitted. * * *"

The evidence in this case, although circumstantial, was sufficient for a jury to infer that the defendant had the requisite intent and to find him guilty beyond a reasonable doubt.

In his final assignment of error defendant argues that the trial court erred in giving the following

_____
[2]ORS 136.445 provides:

"In any criminal action the defendant may, after close of the state's evidence or of all the evidence, move the court for a judgment of acquittal. The court shall grant the motion if the evidence introduced theretofore is such as would not support a verdict against the defendant. The acquittal shall be a bar to another prosecution for the same offense."

instruction on concealment because it was an impermissible comment on the evidence.

"[THE COURT]: * * * * If you find from the evidence the defendant was hiding from the police after the commission of a crime, that alone is not sufficient to establish his guilt, but it is a fact which if proved may be considered by you in the light of all the other facts and circumstances in the case in deciding the question of the defendant's guilt. * * * * *"

██ It is difficult to determine from the record whether the objection made in the trial court was on the basis of impermissible comment on the evidence or on the ground that there was not sufficient evidence to justify giving the instruction. It would be error to give a flight or concealment instruction where there is not sufficient evidence to support it. *State v. McCormick,* 280 Or 417, 420, 571 P2d 499 (1977); *State v. Nulph,* 31 Or App 1155, 572 P2d 642 (1977), *rev den* 282 Or 189 (1978). In this case, however, defendant admitted that he was hiding; he refused to come out of hiding when police repeatedly requested him to do so, and he was arrested while he was hiding. This was sufficient evidence to support the instruction.

As to whether the instruction was an impermissible comment on the evidence, we note that the instruction did include the qualification that such concealment is not sufficient evidence of guilt but is only one circumstance to be considered by the jury, *State v. Stilling, supra,* (slip opinion at 14-5), and is not reversible error. We also note the Supreme Court's admonition that "because the significance of flight should be left to argument, in all future trials instructions on the significance of flight should not be given."

Affirmed.