Argued and submitted June 17, reversed and remanded for
new trial December 7, 1981, reconsideration denied March 4,
petition for review denied March 23, 1982 (292 Or 722)

# STATE OF OREGON,
## *Respondent,*

*v.*

# LARRY LEROY JOHNSON,
## *Appellant.*

## (No. C 80-09-33045, CA 19573)

637 P2d 211

Richard L. Lonergan, Portland, argued the cause for appellant. With him on the brief were Howard R. Lonergan and Clint A. Lonergan, Portland.

James E. Mountain, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Deputy Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

### WARREN, J.

Defendant was convicted by a jury of first degree burglary. ORS 164.225. He was arrested by a police officer who was responding to a silent alarm set off at a Portland restaurant. The officer testified that defendant was inside the restaurant when he arrived. There were pry marks on the door of the restaurant, and a search of defendant revealed a screwdriver and chisel which the officer thought matched the marks. Defendant told the officer that his car had stalled and, while seeking help, he had seen someone running from the restaurant and had stopped to investigate. He claimed the tools had been issued to him in connection with his employment as a storm window installer. At trial, defendant denied that he ever entered the restaurant building. He claimed that he was outside trying to close the door when the police arrived.

On appeal, defendant argues that the trial court erred in denying his motion for a mistrial based upon the prosecutor's remarking during closing argument that defendant had requested instructions on lesser included offenses:

"[MS. JOHNSON]: * * * I'm going to give the floor to Mr. Lonergan and I'm going to ask him to explain something. Burglary I is the charge that the State brought in this case * * *. The defense wants an instruction on Burglary II and Criminal Trespass. * * * Burglary in the Second Degree is, of course, the date and the time and in Multnomah County, to enter or remain unlawfully in a building with intent to commit theft, no burglar's tools. Criminal trespass is simply to enter or remain unlawfully in a building, no burglar's tools, with no intent to commit a crime.

"The defendant took the stand and under oath he swore that he was not in this building. You will notice that this element of entering and remaining is common to all three crimes and I'd like to hear Mr. Lonergan explain —

"MR. LONERGAN: Just a moment. That's an improper argument and I'll move for a mistrial.

"THE COURT: Ladies and gentlemen of the jury, * * * the Court instructs — the Court has control of the instructions and the Court determines what type of instructions to give you, so where the instructions come from, that's immaterial and irrelevant. * * * the Court's responsibility

[is] to instruct you as to what law may possibly apply in this case, * * *"

■      After the trial court denied the motion, an *in camera* colloquy took place in which defendant argued to the court that the prosecutor's comment implied that because defendant had requested an instruction on a lesser-included offense which required defendant's presence in the building, defendant, in effect, admitted he was in the building and was, therefore, guilty. Defendant argues that the curative instruction did not dispel the inference of guilt which was planted in the minds of the jurors.[1] The issue, therefore, is whether the prosecutor's remarks required a mistrial if not corrected and, if so, whether the curative instruction cured the error.

■      We find that the prosecutor's remarks were improper and prejudicial. From her argument the jury could have inferred that the defendant's request for a lesser-included instruction was an admission that he was in the restaurant, that he had lied about that fact, and that he was, therefore, guilty, because no other defense was offered. The prosecutor's comments would give rise to reversible error if not corrected.

The state urges that the trial court's curative instruction was adequate to correct the error in this case. It relies on *State v. Attebery,* 39 Or App 141, 591 P2d 409, *rev den* 286 Or 449 (1979), in which this court held that a curative instruction similar to the one given in this case was adequate when the prosecution informed the jury that the defendant had requested a lesser-included instruction. However, the opinion states:

> *"Here, defendant's objection went only to the prosecutor's comment as to who had requested the instruction.* Assuming — without deciding — that such a comment would have been so improper as to constitute reversible error if uncorrected, we are satisfied that the trial court's curative instruction here was adequate." (Footnote deleted.) (Emphasis added.) 39 Or App at 148.

In this case, however, defendant's objection went to the implication that guilt could be inferred from his request for

---

[1] Defendant did not object to the curative instruction at trial. However, we conclude that his acceptance of the curative instruction was not a waiver of his motion for mistrial.

a lesser-included instruction, which was inconsistent with his theory of defense, but to which he was entitled as a matter of law. ORS 136.460; *State v. Washington,* 273 Or 829, 835, 543 P2d 1058 (1975). The trial court's statement to the jury did not address that implication and, therefore, could not undo the harm caused by the prosecutor's remarks. A reversal of the judgment is required.

Defendant raises two more issues which we will address because they are likely to arise again at retrial.

■    First, defendant assigns as error the trial court's refusal to give the following requested instruction, because the instruction actually given and to which defendant excepted did not contain the underscored language:

"You are instructed that you must determine whether the chisel and screwdriver found on defendant were burglar's tools. To be burglar's tools they (must be) adapted, designed or commonly used for committing or facilitating forcible entry into premises or theft by a physical entry and *they must be possessed with intent to commit or facilitate a forcible entry into premises or theft by a physical taking.*"

Defendant was charged with first degree burglary under ORS 164.225, which provides, in pertinent part:

"(1)   A person commits the crime of burglary in the first degree if he violates ORS 164.215 and * * * in effecting entry or while in a building or in immediate flight therefrom he:

"(a)   Is armed with a burglar's tool as defined in ORS 164.235 * * *

"* * * * *"

He contends that the definition of "burglar's tools" in ORS 164.235 necessarily includes the intent that the tools be used to commit or facilitate a forcible entry or theft. Therefore, an instruction on intent so to use the tools is required where defendant is charged with first degree burglary. We disagree. While ORS 164.235(1) requires the intent described for conviction of the crime of possession of burglar's tools,[2] a conviction of first degree burglary does not require

---

[2] ORS 164.235 provides:

"(1) A person commits the crime of possession of burglar's tools if he possesses any burglar tool with the intent to use the tool or knowing that

that a defendant be guilty of the crime of possession of burglar's tools. A conviction may be obtained upon showing only that he was armed with such a tool on entering or remaining in a building with intent to commit a crime therein.

We conclude, therefore, that ORS 164.225 does not require that a defendant have the intent described in ORS 164.235(1), but only that he have in his possession a tool described as a burglar tool in ORS 164.235(2). The instruction given was correct, and there was no error in refusing defendant's requested instruction.

■ Defendant also contends that the trial court erred in instructing the jury:

"Now, you are instructed that you may infer an intent to steal on the part of defendant from his presence in the building under circumstances showing unlawful entry."

Defendant argues that such an instruction instructs the jury as to how it should determine the facts of a case in violation of Article I, section 16, of the Oregon Constitution.[3] We do not agree. An instruction on a permissible inference does not direct the jury to make a particular factual determination. It merely advises it as to what determination of fact is permissible, as a matter of law, under the evidence.

Defendant also argues that the instruction is illogical, because it permits the jury to infer intent to steal from an illegal entry. We conclude that whether or not the inference is illogical, the instruction given was improper. In *State v. Stilling*, 285 Or 295, 299, 590 P2d 1223 (1979), the Supreme Court wrote:

some person intends to use the tool to commit or facilitate a forcible entry into premises or theft by a physical taking.

"(2) 'Burglar tool' means an acetylene torch, electric arc, burning bar, thermal lance, oxygen lance or other similar device capable of burning through steel, concrete or other solid material, or nitroglycerine, dynamite, gunpowder or any other explosive, tool, instrument or other article adapted, designed or commonly used for committing or facilitating a forcible entry into premises or theft by a physical taking."

[3] Article I, section 16, of the Oregon Constitution provides, in pertinent part:

" * * * In all criminal cases whatever, the jury shall have the right to determine the law, and the facts under the direction of the Court as to the law, and the right of new trial, as in civil cases."

" * * * An inference instruction advises the jury as to how it may make its decision on intent, *and in particular may serve to inform the jury that such an inference is to be based on the surrounding circumstances rather than just any unlawful act which is part of the offense.*"

" * * * * *

"Considering burglary as an 'act,' it is true that the 'intent to commit a crime therein' is a separate element of the offense, distinguishable from the 'act.' 'Burglary,' however, consists of more than a single unlawful act, and as an 'act' burglary is never lawful. It is probably more understandable to view burglary as consisting of several elements, one of which is a specific intent which is not to be confused with the mental state which accompanies another element, say, the act of unlawful entry." (Emphasis added.)

The court in *Stilling* also adopted the language from *Colson v. Cupp,* 449 F2d 730, 731 (9th Cir 1971), in which the court, discussing an instruction in a burglary case to the effect that unlawful intent could be inferred from an unlawful act, said:

" "* * * When the [un]lawfulness of an act depends upon the guilty intent with which the act was done, it is patently wrong to tell a jury that it can infer the requisite intent simply from proof that a defendant did the act. * * *" " 285 Or at 299.

In this case, the jury was instructed that it could infer an unlawful specific intent, *i.e.,* the intent to steal, from an unlawful act, *i.e.,* unlawful entry; that was clearly error. The instruction given here would permit an essential element of Burglary I, the intent to commit a crime, to be supplied by an inference derived from evidence of an unlawful entry. Under the instruction given by the court, a defendant guilty only of criminal trespass could be charged with and convicted of Burglary I, the essential element of intent to commit a crime being supplied by inference derived from the unlawful entry. The vice of the instruction is that it focuses upon the facts showing that the entry was unlawful, not upon facts showing that a crime other than the unlawful entry was intended.

In *State v. Olson,* 39 Or App 383, 386, 592 P2d 273 (1979), this court held that an instruction nearly identical to the one given in this case was proper. In *Olson,* however,

the only question addressed was whether the instruction, phrased in terms of inference, unconstitutionally shifted the burden of proof on the element of intent to the defendant. Relying on the holding of *State v. Stilling, supra,* on that issue, we held that it did not. We did not discuss whether the instruction was otherwise erroneous.

Reversed and remanded for a new trial.