Argued and submitted December 14, 1981, affirmed March 22, 1982

STATE OF OREGON,
*Respondent,*
*v.*
JAMES MICHAEL DAVIS,
*Appellant.*

(No. 81-30, CA A21755)

642 P2d 350

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Robert E. Barton, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his jury conviction for burglary in the second degree, ORS 164.215,[1] contending that the trial court improperly instructed the jury. The challenged instruction told the jury:

"You are instructed that you may infer an intent to steal on the part of the defendant from his presence in the building under circumstances showing an unlawful entry. * * *"

■     Defendant's sole assignment of error is that the challenged instruction relieves the state of its burden of proving the material element of unlawful entry by allowing the jury to infer the necessary intent by showing defendant was merely found inside the premises. Thus, defendant argues, the instruction unconstitutionally shifted the burden of proof to defendant to prove his entry was lawful. We recently resolved this issue against defendant's contention. *State v. Olson,* 39 Or App 383, 592 P2d 273 (1979); *See State v. Stilling,* 285 Or 293, 590 P2d 1223, *cert den* 444 US 880 (1979).

■     Subsequent to filing his brief, defendant submitted a memorandum of additional authorities in which he correctly observes that in *State v. Johnson,* 55 Or App 98, 637 P2d 211 (1981), we held that giving an instruction identical to the challenged instruction here was error because the instruction

"* * * would permit an essential element of Burglary I, the intent to commit a crime, to be supplied by an inference derived from evidence of an unlawful entry. Under the instruction given by the court, a defendant guilty only of criminal trespass could be charged with and convicted of Burglary I, the essential element of intent to commit a crime being supplied by inference derived from the unlawful entry. The vice of the instruction is that it focuses upon the facts showing that the entry was unlawful, not upon facts showing that a crime other than the unlawful entry was intended." 55 Or App at 104.

---

[1] ORS 164.215(1) provides:

"A person commits the crime of burglary in the second degree if he enters or remains unlawfully in a building with intent to commit a crime therein."

However, defendant did not object on that ground in the trial court. Therefore, we will not consider the question. *State v. Kessler,* 289 Or 359, 371 n 17, 614 P2d 94 (1980); *State v. Abel,* 241 Or 465, 406 P2d 902 (1965).[2]

Affirmed.

---

[2] Assuming arguendo that giving the challenged instruction was error, there is substantial and convincing evidence in the record of defendant's intent to commit a crime in the building and that any error was very unlikely to have changed the result of the trial. *See State v. Stockett,* 278 Or 637, 645, 565 P2d 739 (1977); *State v. Van Hooser,* 266 Or 19, 25-26, 511 P2d 359 (1973).