**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT WAYNE BRAY,

                Petitioner - Appellant,

    v.

GUY HALL,

                Respondent - Appellee.

No. 13-35689

D.C. No. 2:11-cv-01128-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted October 9, 2014
Portland, Oregon

Before: FISHER, CHRISTEN and NGUYEN, Circuit Judges.

    Robert Wayne Bray appeals the dismissal of his petition for habeas corpus under 28 U.S.C. § 2254 collaterally attacking his convictions under Oregon law. Reviewing de novo, we affirm.

    1. Bray failed to preserve his sufficiency of evidence claim at trial, so it is procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

---

    [*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Oregon law required Bray to preserve at trial his argument that the prosecution failed to provide sufficient evidence of his intent to print the images. *See, e.g.*, *State v. Long*, 425 P.2d 528, 529 (Or. 1967). The record does not show the prosecution abandoned this theory of guilt, as Bray contends. The indictment charged Bray with knowing possession of images depicting sexually explicit conduct involving a child "with intent to print or display" them, so Bray was on notice that either theory of guilt would suffice for conviction. *Cf. State v. Hitz*, 766 P.2d 373, 375 (Or. 1988) (observing that failure to press an issue "is no waiver, *once an issue has been raised*" (emphasis added)).

2. Similarly, Bray's claim that the prosecution committed misconduct when it destroyed his hard drive is procedurally defaulted. Bray presented this claim for the first time during his post-conviction proceeding. Oregon law required Bray to raise this argument at trial given his knowledge of the hard drive's destruction. *See Palmer v. State*, 867 P.2d 1368, 1371 (Or. 1994). He failed to do so, and he is therefore barred from raising it in his federal petition. *See Coleman*, 501 U.S. at 750.

3. The state court reasonably determined Bray's trial counsel was not ineffective. Although it did not specifically address whether Bray's counsel should have investigated the computer's capacity to print, the state court's conclusion that

Bray did not suffer ineffective assistance is owed deference. *See Harrington v. Richter*, 131 S. Ct. 770, 784 (2011). The record shows Bray's trial counsel hired an investigator who obtained and reviewed the available material found on Bray's computer. Because the hard drive was destroyed before Bray was indicted, his counsel could not have obtained a mirror image copy of it or otherwise investigated the hard drive. Therefore, the state court's determination that Bray's counsel was not ineffective was reasonable. *See id.* at 787-88.

**AFFIRMED.**