Argued December 15, 1975, affirmed January 26, 1976

JAMES R. PALMER, *Petitioner,*
*v.*
OREGON STATE PENITENTIARY, *Respondent.*

(No. 07-75-182, CA 5055)

545 P2d 141

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

This is a petition for review, pursuant to ORS 421.195,[1] of an order of the Superintendent of the Oregon State Penitentiary.

Petitioner was an inmate working at a forest camp. After working a long shift on a firefighting crew, petitioner was notified that the crew would have to return to the fire following a six-hour break. All the crew returned to the fire at the appointed hour except petitioner who refused, stating that he needed additional rest.

A corrections officer charged petitioner with disobedience of an order.[2] Following a hearing at which petitioner testified and the corrections officer's reports were read, the Disciplinary Committee found petitioner guilty and recommended that he forfeit 30 days of statutory good time. The Superintendent approved this recommendation.

Petitioner contends that the request to return to the fire line was not a reasonable order and therefore the Disciplinary Committee erred in finding that petitioner was required to obey it. In reviewing factual determinations, we consider only whether they are "supported by reliable, probative and substantial evidence in the whole record." ORS 183.480 (7) (d);[3] ORS

---

[1] ORS 421.195 provides:

"If an order * * * provides for noncertification to the Governor of a deduction from the term of his sentence under paragraphs (a) and (b) of subsection (1) of ORS 421.120, the order and the proceedings underlying the order are subject to review by the Court of Appeals upon petition to that court filed within 30 days of the order for which review is sought. * * * The court may affirm, reverse or remand the order on the same basis as provided in paragraphs (a) to (d) of subsection (7) of ORS 183.480 * * *."

[2] Rule 11 of the Major Rules of Prohibited Conduct provides:

"No inmate shall fail to promptly comply with an order of a staff member."

[3] ORS 183.480(7)(d) provides:

"(7) The court may affirm, reverse or remand the order. The court shall reverse or remand the order only if it finds:

"* * * * *

421.195; *Bonney v. OSP,* 16 Or App 509, 522-23, 519 P2d 383, *aff'd* 270 Or 79, 526 P2d 1020 (1974). The written report of the corrections officer supported the Committee's decision.

■ Petitioner also contends that the sole appropriate sanction for his refusal to work was his return to the penitentiary. ORS 421.480 provides:

> "When the need for the labor of a state inmate or local inmate transferred to a forest work camp has ceased or when he is guilty of any violation of the rules of the administrator, the administrator may return him to the institution, county or city from which he was transferred."

This procedure was followed. When petitioner violated a rule by disobeying an order, he was returned to prison. ORS 421.480 does not provide that reconfinement is the only sanction which may be imposed when an inmate in a forest camp violates a rule. The additional sanction was not unlawful or unconstitutional, and we therefore have no authority to modify it. ORS 183.480(7)(a) and (b);[4] *Whiley v. OSP,* 18 Or App 86, 523 P2d 1051 (1974).

Affirmed.

---

"(d) On review of a contested case, the order is not supported by reliable, probative and substantial evidence in the whole record * * *."

[4] ORS 183.480(7)(a) and (b) provide:

"(7) The court may affirm, reverse or remand the order. The court shall reverse or remand the order only if it finds:

"(a) The order to be unlawful in substance or procedure, but error in procedure shall not be cause for reversal or remand unless the court shall find that substantial rights of the petitioner were prejudiced thereby and defects in the content of the notice required by ORS 183.415 not asserted at or prior to the commencement of the hearing before the agency shall not be cause for reversal or remand; or

"(b) The statute, rule or order to be unconstitutional * * *."