Argued and submitted August 25, regulations ruled invalid insofar
as purporting to regulate "right to use" time-sharing interests October 13, 1982

ROYAL ALOHA PARTNERS et al,
*Petitioners,*
*v.*
REAL ESTATE DIVISION,
*Respondent.*

(CA A24786)

651 P2d 1350

John C. Caldwell, Oregon City, argued the cause for
petitioner. With him on the brief was Hibbard, Caldwell,
Bowerman, Schultz & Hergert, Oregon City.

Max Rae, Salem, argued the cause for respondent. With
him on the brief were Dave Frohnmayer, Attorney Gen-
eral, Stanton P. Long, Deputy Attorney General, and
William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Warren, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

The issue in this proceeding under ORS 183.400 is whether the Real Estate Division has the statutory author-ity to make rules concerning the sale of "right to use" memberships in condominium time-sharing plans. Petitioner Royal Aloha Partners (Aloha) is involved in the acquisition of condominiums to be used by members of the Royal Aloha Vacation Club (Club). Petitioner Products Management intends to conduct similar activity.

Aloha acquires interests in condominium units in various vacation spots around the world. It then conveys them to Club for use by its members. Title to the property remains with Club, and members purchase only the right to use the condominium units for vacations. A member's "right to use" time-sharing interest carries with it no fee interest in the unit, in contrast to a time-sharing ownership interest, which combines fee ownership with the right to possession and occupancy of a unit on a time-sharing basis with other fee owners.

■     The Division promulgated rules purporting to cover both kinds of time-sharing interests.[1] OAR 863-30-050(15) defines "time-sharing plan" as

"* * * any arrangement, plan, scheme or device, exclud-ing exchange programs, whether by *membership,* agree-ment, share, tenancy in common, sale, lease, deed, rental agreement, license, *right to use agreement* or otherwise, whereby a purchaser in exchange for consideration, receives a right to use accommodations and facilities for a period of time less than a full year during any given year, but not necessarily for consecutive years and which extends for a period of more than 3 years. 'Time sharing plan' includes but is not limited to:

"(a)   'Time share estates', as defined by subsection (23) of ORS 94.004, making up all or a portion of a time sharing plan offered to prospective purchasers in Oregon.

"(b)   'Interests in subdivided lands', as defined in sub-sections (4) and (9) of ORS 92.305, making up all or a portion of a time sharing plan offered to prospective pur-chasers in Oregon (whether or not the interests are created or located within a city or county that has a comprehensive

---

[1] OAR 863-030-050 to 863-30-080.

plan and implementing ordinances that have been acknowledged under ORS 197.251), including but not limited to, any interests * * * offered in a time sharing plan involving, in whole or in part, condominium accommodations and facilities that are not 'time share estates' as defined in subsection (23) of ORS 94.004." (Emphasis supplied.)

The Division claims to derive its authority to regulate the sale of "right to use" interests from the Condominium Act, ORS ch 94.[2] ORS 94.004(23) provides:

" 'Sale' includes every disposition or transfer of a condominium unit, or *an interest or estate therein,* by a developer or agent of the developer, including the offering of such property as a prize or gift when a monetary charge or consideration for whatever purpose is required by the developer or agent. 'Interest or estate' includes a lessee's

---

[2] Petitioners assert that the Division has attempted to regulate "right to use" time-sharing plans under the Oregon Subdivision Control Law, ORS ch 92. They claim that, because chapter 92 specifically excludes condominiums from its coverage, the Division was without authority to regulate the sale of any condominium interests. ORS 92.305(4) provides:

" 'Interest' includes a lot or parcel, and a share, undivided interest or membership which includes the right to occupy the land overnight, and lessee's interest in land for more than three years or less than three years if the interest may be renewed under the terms of the lease for a total period more than three years. *'Interest' does not include any interest in a condominium as that term is defined in ORS 94.004* or any security interest under a land sales contract, trust deed or mortgage. 'Interest' does not include divisions of land created by lien foreclosures or foreclosures of recorded contracts for the sale of real property." (Emphasis supplied.)

ORS 92.305(9) also excludes condominiums from the scope of the Subdivision Control Law:

" 'Subdivided lands' and 'subdivision' mean improved or unimproved land or lands divided, or created into interests or sold under an agreement to be subsequently divided or created into interests, for the purpose of sale or lease, whether immediate or future, into 11 or more undivided interests or four or more other interests. *'Subdivided lands' and 'subdivision' do not mean property submitted to ORS 94.004 to 94.480 or property located outside this state which has been committed to the condominium form of ownership* in accordance with the laws of the jurisdiction within which the property is located." (Emphasis supplied.)

Thus, it is clear that the Subdivision Control Law cannot be the authority for the rule.

The Real Estate Commissioner is charged with enforcing both the Subdivision Control Law and the Condominium Act. *See* ORS 92.305(2); 94.004(5). ORS 696.385(3) authorizes the Real Estate Division to adopt rules to carry out its duties.

interest in a unit for more than three years or less than three years if the interest may be renewed under the terms of the lease for a total period of more than three years. 'Interest or estate' also includes a time-share estate. A 'time-share estate' means a combination of an undivided interest in a present estate in fee simple in a unit, the magnitude of the interest having been established not later than the creation of the time-share estate either by the project instruments or by the deed conveying the time-share estate, and an exclusive right to possession and occupancy of the unit during an annually recurring period of time established by a recorded schedule set forth or referred to in the deed conveying the time-share estate. 'Interest or estate' does not include any security interest under a unit sales contract, trust deed or mortgage." (Emphasis supplied.)

Respondent maintains that the phrase "interest or estate" includes "right to use" time-sharing interests. That the statute expressly includes *fee* time-share estates within the meaning of "interest or estate" is evidence, claims respondent, of the legislature's intent to insure a broad reading of the phrase — that is, one which includes *non-fee* time-sharing interests.

■ ■　Inclusion of specific matter in a statute usually implies a legislative intent to exclude related matters not mentioned. *Gantenbein v. PERB,* 33 Or App 309, 319, 576 P2d 1258, *rev den* 282 Or 537 (1978). Because the statute expressly provides that *fee* time-sharing interests are within its coverage, and in the absence of anything in the legislative history suggesting that that can mean anything but what it says, we conclude that the legislature did not intend to include *non-fee* time-sharing interests.

The clear implication of the statute is that the kinds of "interests or estates" specifically set out are the only ones covered by the statute. Respondent argues that the legislative history of the Condominium Act makes clear that "interest or estate," as used in ORS 94.004(23), is intended to include memberships giving "the right to occupy the land overnight," as defined in ORS 92.305(4) of the Subdivision Control Law, and thus includes non-fee time-sharing interests. Until 1977, condominiums were subject to regulation under the Subdivision Control

Law.[3] As such, so the argument goes, an interest in a condominium included a "membership which includes the right to occupy the land overnight." The 1977 legislature, when it created the separate Condominium Act, expressly deleted interests in condominiums from the coverage of the Subdivision Control Law. However, the language in ORS 92.305(4) referring to memberships that include the right to occupy the land overnight was retained. No similar language was included in the "interest" definition in the Condominium Act. Had the legislature intended an interest in a condominium under the latter statute to include overnight occupancy rights, it is clear that it knew how to use language to that effect.

Respondent cites the following testimony in support of its argument that non-fee time shares are within the meaning of "interests" under the Condominium Act:

"[HB]3101 is basically a regulatory bill, a disclosure bill, and the definition of 'sale' is very carefully and broadly drafted to prevent any subversion of the act. Some things which are not technically a sale are in effect the same thing as a sale. * * * We've very carefully included within the dragnet *time shares,* where you're offered an interval, two weeks a year use of a condominium. That, *even though it may not be a conveyance of a fee estate in a unit,* may or may not be, that has to be registered." Testimony of Howard Feuerstein, House Judiciary Committee, Subcommittee C, April 11, 1977, Tape 30, Side 1, at 405-410 (Emphasis supplied.)

---

[3] Former ORS 92.335 provided:

"No person shall offer for sale or lease, any land or property as defined in section (11) of ORS 91.505 without having complied with all applicable provisions of ORS 92.305 to 92.495 and 92.820. The requirement of this section shall be in addition to, and not in lieu of, ORS 91.505 to 91.675."

Former ORS 92.435 provided:

"In addition to the requirements of ORS 92.345, 92.355, 92.365, 92.405 and 92.425, the commissioner may adopt rules and regulations governing the submission of information and documents to his office involving the sale or lease of condominiums and property in unit ownership, which rules and regulations shall include, but shall not be limited to, the documentation of financial arrangements for the acquisition, development, use, control and management of common property or facilities and such other information or documents as the commissioner deems necessary in carrying out the provisions of ORS 92.305 to 92.495 and 92.820."

Given the definition of "time-share estate" in ORS 94.004(23), and despite the quoted witness' testimony, it is clear that the act does *not* include a mere contract right to use unspecified property. This court cannot, under the pretext of construing a statute, supply an element omitted, by mistake or design, by the legislature. *Salahub v. Montgomery Ward,* 41 Or App 775, 785, 599 P2d 1210, *rev den* 288 Or 249 (1979).

Neither the Subdivision Control Law nor the Condominium Act authorizes the regulation of sales of "right to use" time-share interests. Therefore, OAR 863-30-050 to 863-30-080, insofar as they purport to regulate such interests, are invalid.