Argued and submitted March 31, affirmed August 17, 1988

ELTON RALSTON,
*Petitioner,*

*v.*

OREGON STATE CORRECTIONAL
INSTITUTION,
*Respondent.*

(5-540F; CA A45702)

759 P2d 298

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for petitioner.

David L. Kramer, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Scott McAlister, Assistant Attorney General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

WARDEN, P. J.

Graber, J., concurring in part; dissenting in part.

## WARDEN, P. J.

Petitioner, an inmate of the Oregon State Correctional Institution (OSCI), seeks review of an order imposing sanctions in a disciplinary proceeding. ORS 421.195. He was found to have violated OAR 291-105-015, Rule 14, in two respects: attempting to possess unauthorized property (vitamins) in violation of Rule 5 and attempting to possess contraband (marijuana) in violation of Rule 7. We affirm.

Petitioner first contends that there was insufficient evidence to sustain a finding that he attempted to possess marijuana. He recites the standard that "[i]n reviewing factual determinations in connections [*sic*] with judicial review from actions of the Corrections Division, the standard is whether these determinations are supported by reliable, probative and substantial evidence on the whole record," citing an applicable statute and *Palmer v. OSP,* 24 Or App 177, 545 P2d 141 (1976). He then argues that "it is clear that the evidence was insufficient to support the finding." We disagree. The record contains evidence that petitioner repeatedly requested a visitor to bring marijuana to him at OSCI. We hold that that evidence is sufficient to meet the standard of review recited by petitioner.[1]

Petitioner also contends that OSCI erred in finding him guilty of an attempt to possess unauthorized vitamins. That contention lacks merit. He admitted that a visitor tried to bring him the vitamins at his request and that the visitor had brought them (and he had possessed them) once in the past. The visitor also had a number of pills with her, which she said were vitamins, when she was detained and questioned.

Affirmed.

---

[1] The dissent argues that petitioner's assignment of error sufficiently raises the issue of whether his requests to a visitor to bring marijuana into OSCI, without more, "constitutes a substantial step toward" the violation within the meaning of OAR 291-105-015. That, however, is an argument that the conclusions of law do not reasonably follow from the findings of fact, and petitioner does not raise that issue. Nowhere in his brief does he argue that his repeated requests to a visitor that she bring him marijuana are not a "substantial step toward" possession of marijuana and, therefore, are not punishable as an "attempt" under the rule.

The dissent cites cases and provides a rationale to support its position that OAR 291-105-015 does not speficially prohibit "solicitation" of others to violate the rule. That argument was not made by petitioner, and none of the authorities for it cited by the dissent are found in petitioner's brief.

**GRABER, J.,** concurring in part; dissenting in part.

I agree with the majority that petitioner's claim of insufficient evidence to sustain a finding that he attempted to possess unauthorized vitamins has no merit. Therefore, I concur in that much of the opinion. However, I disagree with the affirmance of the order imposing disciplinary sanctions for attempting to possess marijuana.

Petitioner's assignment of error is that the evidence was insufficient to sustain a finding that he violated the applicable rule. His brief sets forth all the relative evidence *verbatim,* and the state agrees with him about what the record shows. The provisions of the applicable rules also are, of course, undisputed. The state's argument that the evidence is sufficient rests entirely on the fact that petitioner's friend admitted to authorities that he had asked her to bring marijuana to him. There is no additional evidence in the record that would support a finding that the rule was violated. For example, the friend was not in possession of marijuana when questioned, and she had refused petitioner's requests. In my view, the evidence is not sufficient to prove an attempt to possess marijuana in violation of Rule 7.

OAR 291-105-015 provides, in pertinent part:

"(7) Possession, Manufacture, or Use of Dangerous Contraband: Except as may be authorized by other rules, no inmate shall knowingly possess, manufacture or use:

"* * * * *

"(c) Narcotics or narcotics paraphernalia;

"* * * * *

"(14) Attempt: No inmate shall knowingly engage in conduct which constitutes a substantial step toward the intentional commission of a rule(s) violation. Attempt is an included charge in sections (3) through (12) of this rule."

Petitioner's conduct was "knowing." *See* ORS 161.085(8). Had he succeeded, his possession of marijuana would have been the "intentional commission of a [Rule 7] violation." *See* ORS 161.085(7). I would hold, however, that the request to a visitor to bring contraband into the institution, without more, does not constitute "a substantial step toward" the violation.

The definition of "attempt" in Rule 14 parallels the

statutory definition, ORS 161.405(1), and its common law antecedents. *See State v. Moore,* 194 Or 232, 242, 241 P2d 455 (1955). Similarly, Rule 13, which defines "conspiracy," tracks ORS 161.450(1). The statutes concerning inchoate crimes contain a third offense:

> "A person commits the crime of solicitation if with the intent of causing another to engage in specific conduct constituting a crime * * * or an attempt to commit such [crime] * * * the person commands or solicits such other person to engage in that conduct." ORS 161.435(1).

Significantly, a prohibition against "solicitation" was *not* enacted as part of OAR 291-105-015. We should give effect to the agency's omission of "solicitation."[1] *See* ORS 174.010; *Royal Aloha Partners v. Real Estate Div.,* 59 Or App 564, 568, 651 P2d 1350 (1982).

Petitioner's conduct constituted "solicitation" in its classic form. With the intent to violate Rule 7, he commanded or requested that his friend bring him marijuana. Although inability to complete the offense does not defeat a finding of attempt, *see State v. Wilson,* 218 Or 575, 585, 346 P2d 115 (1959), the step toward commission of the offense must be "substantial." OAR 291-105-015(14). Mere solicitation does not meet that test. *See* n 1, *supra,* and *State v. Evans,* 43 Or App 95, 602 P2d 317 (1979); *State v. Christenson,* 5 Or App 335, 338, 483 P2d 84, 484 P2d 853 (1971). A prisoner's entreaty to a visitor, unaccompanied by any agreement or further action, is not a "substantial step toward" possession of marijuana and, therefore, is not punishable as an "attempt" under the rule.

The majority relies on a hypertechnical method of decision. This is *not* a case in which a party seeks to rely on a different theory from that which was presented to a lower tribunal. Rather, it is a case in which everyone agrees that the issue raised is sufficiency of the evidence and, indeed, agrees what the evidence is. The only question is whether, in reviewing the sufficiency of the evidence, we are limited to considering *only* the exact rationale advanced by petitioner. Where the

---

[1] At common law, too, attempt and solicitation were distinct crimes. *See, e.g.,* 4 *Wharton's Criminal Law,* § 714 (14th ed 1978); Clark and Marshall, *Crimes,* § 4.05, 200-01 (6th ed 1958); *State v. Miller,* 252 A2d 321, 324 (Maine 1969); *Gervin v. State,* 371 SW2d 449 (Tenn 1963). Therefore, whether the rules are borrowed from the statutes, the common law, or both, the analysis is the same.

correct issue was raised and the evidence is plainly deficient on its face, it is inappropriate to wear the blinders that the majority has donned.

Petitioner's acts were not an attempt within the meaning of the applicable rule. He adequately submitted that issue for our review. The question of whether his acts were a "substantial step toward" possession of marijuana is necessarily included in his contention that the evidence was deficient, because the rule itself defines "attempt" in terms of a "substantial step." Even if petitioner's argument were not preserved or fully presented, it is an error of law apparent on the face of the record. ORAP 7.19(5). "[T]he error is manifest and * * * the ends of justice will not otherwise be satisfied." *State v. Hickmann,* 273 Or 358, 360, 540 P2d 1406 (1975). Therefore, I dissent.