Argued and submitted December 20, 1989, finding of violation of Disciplinary Rule 10 vacated; order otherwise affirmed and remanded for reconsideration of sanction March 28, 1990

## PAUL SOLOMON,
*Petitioner,*

*v.*

## EASTERN OREGON CORRECTIONAL INSTITUTION,
*Respondent.*

(F04-89-128; CA A60938)

789 P2d 17

Sally L. Avera, Salem, argued the cause for petitioner. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

## GRABER, P. J.

Petitioner seeks review of an order of the Superintendent of the Eastern Oregon Correctional Institution (EOCI), finding him guilty of violating two disciplinary rules. We reverse the finding as to Disciplinary Rule 10 and remand for reconsideration of sanctions under Disciplinary Rule 9.

Petitioner is an inmate. In late April, 1989, inmates initiated a hunger strike to protest prison conditions. On April 24, 1989, a correctional officer submitted a report about petitioner's conduct in connection with the hunger strike. The officer reported that he had heard petitioner make vulgar, loud, and boisterous threats toward a prisoner who was returning from lunch. The officer's report described the incident and charged petitioner with violations of Rules 1, 9 and 10.

The hearings officer found that petitioner had violated Rules 9 and 10, but dismissed the charge under Rule 1.[1] He recommended, and the superintendent ordered, that petitioner be placed in segregation for 19 days for each violation. Disciplinary Rules 9 and 10 provide:

"(9) Disrespect to Another: No inmate shall direct hostile, abusive, or threatening language or gestures toward or about another person, nor shall he or she direct such language and/or gestures to another person about a third person.

"(10) Disobedience of an Order: No inmate shall fail to promptly or in a timely manner comply with valid orders of staff members. An order includes written, verbal, or gestured communication which directs or forbids the doing of some act over which the inmate has control."

Petitioner argues that there is insufficient evidence to sustain the findings that he was guilty of disrespect or disobedience. The report of the officer is substantial evidence to support the finding that petitioner violated Disciplinary

---

[1] Disciplinary Rule 1 provides:

"(a) No inmate shall advocate, create, engage in, or [sic] encourage, promote, a disturbance.

"(b) A disturbance is the creation or maintenance of an unreasonably annoying condition or disorder, characterized by unruly, noisy or violent conduct or unauthorized group activity which disrupts the orderly administration of or poses a direct threat to the security of a facility, facility program(s) or the safety of personnel."

Rule 9. *Bonney v. OSP,* 270 Or 79, 92, 526 P2d 1020 (1974); *Palmer v. OSP,* 24 Or App 177, 179-80, 545 P2d 141 (1976).

■ There is not, however, substantial evidence to support the finding that he violated Disciplinary Rule 10. The hearings officer reasoned that petitioner disobeyed an order "by being loud and abusive on the tier which is a violation of the unit housing rules." We assume for the purpose of this opinion, but need not decide, that a previously promulgated general rule, as distinct from a contemporaneous instruction, is an "order" within the meaning of the rule. Nonetheless, the record does not contain any reference to the unit housing rule that petitioner allegedly violated. The rule itself was not in evidence, no one testified about it, and the officer's report did not identify or describe it. Therefore, there is no evidence that petitioner's acts contravened the rule to which the order alludes.

■ Petitioner also contends that the hearings officer erred "in failing to call witnesses on petitioner's behalf." However, petitioner did not present a list of witnesses, as required by OAR 291-105-057(11)(f), and on the final day of the hearing he told the hearings officer that he had nothing else to add. In the circumstances, the hearings officer did not err.

Finding of violation of Disciplinary Rule 10 vacated; order otherwise affirmed; remanded for reconsideration of sanction.